**Joseph BELL, Appellant,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE—INSTITUTIONAL DIVISION, et al., Appellees.**

**No. 14–97–00448–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 15, 1998.

Joseph Bell, Abilene, for appellant.

Grace Park Manno, Austin, for appellee.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from the trial court's order dismissing Joseph Bell's suit against the Texas Department of Criminal Justice—Institutional Division and several of its employees (collectively "the Department"). Joseph Bell ("Bell"), an inmate, filed suit against the Department alleging violations of 42 U.S.C. § 1983. The Department filed a motion to dismiss the suit pursuant to section 14.001 of the Texas Civil Practice and Remedies Code. The trial court granted the motion. We affirm.

In his second amended petition, Bell claimed that in May of 1996, a correctional officer did not timely "roll the door" on his cell, thereby making him late for his shift in the kitchen. Bell alleged that when he complained to the officer, the officer took his identification card. Bell contended he asked for his card to be returned, but it was not. Additionally, Bell claimed he was twice denied access to the law library by another correctional officer. He alleged that when he told the officer "he would be writing her up," she retaliated by writing him up. Bell claimed he needed to get to the law library because of pending litigation.

Based on these allegations, Bell sued the Department claiming a violation of his civil rights. Essentially, Bell claimed he was negligently deprived of his personal property when an officer confiscated his identification card and his civil rights were violated when he was denied access to the law library. He asked for $150.00 in damages plus interest.

The Department filed special exceptions to Bell's second amended petition and a motion to dismiss. The trial court granted the motion to dismiss and in its order stated:

> It is hereby ORDERED, ADJUDGED and DECREED that said Motion to Dismiss be, and it is hereby GRANTED, that Plaintiff take nothing and that all claims against Defendants are hereby dismissed with prejudice as frivolous pursuant to § 14.003.

Bell perfected an appeal and raises a single point of error. In that point, Bell claims the trial court erred by (1) granting the Department's special exceptions, and (2) dismissing his suit as frivolous. As to his first complaint, we find nothing in the record to support Bell's claim that the trial court granted the Department's special exceptions. The only order entered by the trial court after the Department filed its special exceptions was the order dismissing Bell's suit.[1] There is nothing in that order that refers to the Department's special exceptions. Therefore, there is no error to review.

In the second part of his first point of error, Bell complains that the trial court erred in granting the Department's motion to dismiss. Section 14.003 of the Texas Civil Practice and Remedies Code provides that a trial court may dismiss a claim if the court finds the claim is frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon Supp.1997). In determining whether the suit is frivolous or malicious, the court may consider, among other things, whether the claim is substantially similar to a previous claim filed by the inmate because the

---

1. Bell has combined two complaints within a single point of error. A point of error that embraces more than one specific ground of error is multifarious. *City of San Antonio v. Rodriguez,* 856 S.W.2d 552, 555 n. 2 (Tex.App.—San Antonio 1993, writ denied). Therefore, Bell's point of error is multifarious and we could refuse to review it. *See id.* (holding that multifarious points of error may be disregarded). A court, however, may consider multifarious points of error if it can determine, with reasonable certainty, the alleged error about which complaint is made. *Thornton v. D.F.W. Christian Television, Inc.,* 925 S.W.2d 17, 22–23 (Tex.App.—Dallas 1995), *rev'd on other grounds,* 933 S.W.2d 488 (Tex.1996). Because we are able to determine the errors about which Bell complains, we will, in the interest of justice, consider his complaints. *See id.*

claims arises from the same operative facts. *Id.* at § 14.003(b)(4).

To allow the trial court to make that determination, the Texas Legislature enacted section 14.004 of the Texas Civil Practice and Remedies Code. That section requires an inmate, who files an affidavit or unsworn declaration of inability to pays costs, to file a separate affidavit of declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

*Id.* at § 14.004(a) (Vernon Supp.1997).

The purpose of sections 14.003 and 14.004 is obvious: the Texas Legislature recognized the problem of constant, often duplicative, inmate litigation in this state, and sought to reduce it by requiring the inmate to notify the trial court of previous litigation and the outcome. In this way, the trial court could determine, based on previous filings, if the suit was frivolous because the inmate had already filed a similar claim.

 In this case, the trial court dismissed Bell's suit under section 14.003 and stated the suit was frivolous. The trial court did not, however, give the reason for which it found the suit to be frivolous. We have reviewed the record in this case and find that Bell's affidavit is insufficient to meet the requirements of section 14.004. While Bell did list four previous filings, he did not state the operative facts for which relief was sought in those suits, nor did he identify each

party to the suits. *See id.* at § 14.004(a)(2)(A) & (C).

 Without that information, the trial court was unable to consider whether Bell's current claim is substantially similar to a previous claim. *See id.* at § 14.003(b)(4). We hold that when an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. Our holding advances the purposes for which the Texas Legislature enacted the section on inmate litigation and the special requirements in section 14.004.

Accordingly, we hold the trial court did not err in dismissing Bell's suit as frivolous under section 14.003 because Bell's affidavit relating to previous filings was inadequate. We affirm the trial court's judgment.