TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00555-CV






Matt R. Lara, Appellant



v.



Rutha Fasion Wormley; Carl D. Shaw; and Richard W. Schultze, Appellees







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 94V-067, HONORABLE DAN R. BECK, JUDGE PRESIDING







 Appellant Matt R. Lara, an inmate, appeals pro se and in forma pauperis from the
district court's final judgment that found his lawsuit against Rutha Wormley, Carl Shaw and Richard
Schultze frivolous and dismissed it with prejudice. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (West Supp. 2001). Lara raises three issues contending that the district court's
judgment was rendered untimely, the district court abused his discretion by failing to consider the
merits of Lara's complaint, and this Court erred in overruling his motion to supplement the appellate
record. We will affirm the judgment.


Background


 On July 25, 1993, M.Y.D. and her mother were killed in a car-train collision. On
March 24, 1994, Lara filed an original petition for voluntary paternity and asserted that he was the
biological father of M.Y.D. Based on copies of probate-court documents submitted with Lara's
brief, the court declared Lara to be M.Y.D.'s biological father. Based on other copies of court
documents submitted with Lara's brief, the Probate Court of Fayette County on June 27, 1995,
declared that M.Y.D.'s estate had been fully administered, ordered the estate closed, and discharged
the personal representative of the estate. Also included with Lara's brief was a copy of a document
from the probate proceeding titled "Receipt and Release" that Lara signed on May 10, 1998. By
signing this document, he acknowledged that he had received all that he was entitled to from
M.Y.D.'s estate and released in full the estate and all persons acting for or on behalf of the estate.

 On May 30, 2000, Lara filed in the district court a "request for a declaratory judgment
complaint" alleging that Wormley, the personal representative of M.Y.D.'s estate, Shaw, an attorney
of record, and Schultze, an attorney for the estate, committed bad acts in probating the estate of
M.Y.D. He contends that due to their bad acts, the closed estate of M.Y.D. should be reopened and
a new inventory of all estate assets should be filed with the court. Specifically, Lara contends that
the inventory, appraisement, and list of claims should be revised to account for money paid following
a settlement of a federal lawsuit that was filed as a result of M.Y.D.'s and her mother's death. He
contends that money from the settlement that should have been paid to the estate was not.

 On June 28, the district court on its own motion signed a final judgment that found
Lara's petition frivolous and dismissed his suit with prejudice. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(a)(2). The court signed the final judgment before all of the defendant-appellees
answered the lawsuit. The court did not specify his basis for finding Lara's lawsuit frivolous. 

Discussion


 We review a dismissal of indigent, pro se inmate litigation filed pursuant to the Texas
Civil Practice and Remedies Code chapter fourteen using an abuse-of-discretion standard. Tex. Civ.
Prac. & Rem. Code Ann. §§ 14.001-14.014 (West Supp. 2001); Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.--Waco 1996, no writ). Consequently, we will reverse the dismissal only if we
determine that the court acted arbitrarily and unreasonably without reference to any guiding rules or
principles. Hickson, 926 S.W.2d at 398 (citing Smithson v. Cessna Aircraft Co., 665 S.W.2d 439,
443 (Tex. 1984)).

 In his first issue, Lara contends that the district court abused his discretion by
intervening and untimely signing the dismissal order on the court's own motion before two of the
defendant-appellees answered the lawsuit. Lara contends that because one of the defendant-appellees answered the lawsuit, the district court was required to address the substantive issues
presented. He contends that the judgment should be reversed so that he may proceed with the
discovery process. We disagree. 

 Section 14.003(c) provides that 


in determining whether [to dismiss an indigent, pro se inmate's lawsuit,] the court
may hold a hearing. The hearing may be held before or after service of process, and
it may be held on motion of the court, a party, or the clerk of the court.



Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (West Supp. 2001) (emphasis added). The language
of the statute indicates that the decision whether to hold a hearing before dismissing an indigent, pro
se inmate's lawsuit is within the court's discretion. Because the decision whether to even conduct
a hearing is within the court's discretion, we hold that the court did not abuse his discretion in
declining to hold a hearing and dismissing the lawsuit before all of the defendant-appellees filed an
answer. Additionally, no abuse of discretion is shown in dismissing a suit of this type without a
hearing when the inmate does not demonstrate that he has evidence that he would have presented
had a hearing been held. Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.--Fort
Worth 1997, no pet.). Lara failed to demonstrate that he had specific evidence that he would have
presented had the court held an evidentiary hearing. The timing of the court's dismissal order did
not constitute an abuse of discretion. Lara's first issue is overruled.

 In his second issue, Lara contends that the district court abused his discretion by
failing to consider the merits of his complaint. In response, appellees assert that the district court
did not abuse his discretion in failing to consider the merits of the complaint because Lara did not
comply with section 14.004 that required him to file a separate affidavit or unsworn declaration
identifying other pro se lawsuits he has filed. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(1)
(West Supp. 2001).

 Section 14.004 requires an indigent inmate proceeding pro se to file a separate
affidavit or unsworn declaration identifying each lawsuit, other than a lawsuit under the Family
Code, previously brought by him in which he proceeded pro se without regard to whether he was an
inmate at the time he brought the previous suit. Id. The affidavit or unsworn declaration must
describe each lawsuit the inmate previously filed by stating the operative facts, listing the case name,
cause number, the court in which the suit was brought, identifying each party named in the lawsuit
and stating the result of the lawsuit. Id. § 14.004(a)(2). Additionally, the affidavit or unsworn
declaration must be accompanied by a certified copy of the inmate's trust account statement. Id.
§ 14.004(c). The purpose of requiring an affidavit or unsworn declaration is to address the "problem
of constant, often duplicative inmate litigation in this state and . . . to reduce it by requiring the
inmate to notify the trial court of previous litigation and the outcome." Bell v. Tex. Dep't of Crim.
Justice, 962 S.W.2d 156, 158 (Tex. App.--Houston [14th Dist.] 1998, pet. denied). The affidavit
or unsworn declaration is an essential part of the process by which courts review inmate litigation. 
Id.; Hickson, 926 S.W.2d at 399. A court may dismiss an indigent, pro se inmate's lawsuit when the
inmate files a false affidavit or unsworn declaration. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(3) (West Supp. 2001). In Hickson v. Moya, the appellate court held that based on this
policy a court may dismiss an indigent, pro se inmate's suit that is filed without any affidavit or
unsworn declaration. 926 S.W.2d at 399. In Bell v. Texas Department of Justice, the trial court
found that the inmate's lawsuit was frivolous without stating a basis for the finding and the appellate
court upheld the dismissal because the section 14.004 affidavit was inadequate. 962 S.W.2d at 158. 
The Bell court held that "when an inmate does not comply with the affidavit requirements of section
14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by
the inmate, and therefore, frivolous." Id.

 Lara failed to file any type of an affidavit or unsworn declaration that would comply
with section 14.004. Without stating a reason, the district court found Lara's suit to be frivolous and
dismissed it under section 14.003. The district court, therefore, did not abuse his discretion in
dismissing Lara's lawsuit because Lara failed to comply with the section 14.004 statutory
requirement for lawsuits filed by indigent, pro se inmates. Because there is a valid basis for
dismissing Lara's lawsuit, we need not determine whether the district court failed to consider the
merits of Lara's lawsuit and, if so, whether that was an abuse of his discretion. Lara's second issue
is overruled.

 Finally, in his third issue, Lara asks this Court to reconsider our ruling of October 19,
2000, overruling his motion to supplement the appellate record. Generally, a party files a motion
for reconsideration when asking an appellate court to reconsider a ruling on a motion. We have
reviewed our previous overruling of Lara's motion to supplement the appellate record and, because
Lara requested to supplement the record with documents that were not before the district court, we
find no basis to change our previous ruling, and overrule Lara's third issue. 

 We affirm the district court's judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 31, 2001

Do Not Publish



t court
did not abuse his discretion in failing to consider the merits of the complaint because Lara did not
comply with section 14.004 that required him to file a separate affidavit or unsworn declaration
identifying other pro se lawsuits he has filed. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(1)
(West Supp. 2001).

 Section 14.004 requires an indigent inmate proceeding pro se to file a separate
affidavit or unsworn declaration identifying each lawsuit, other than a lawsuit under the Family
Code, previously brought by him in which he proceeded pro se without regard to whether he was an
inmate at the time he brought the previous suit. Id. The affidavit or unsworn declaration must
describe each lawsuit the inmate previously filed by stating the operative facts, listing the case name,
cause number, the court in which the suit was brought, identifying each party named in the lawsuit
and stating the result of the lawsuit. Id. § 14.004(a)(2). Additionally, the affidavit or unsworn
declaration must be accompanied by a certified copy of the inmate's trust account statement. Id.
§ 14.004(c). The purpose of requiring an affidavit or unsworn declaration is to address the "problem
of constant, often duplicative inmate