NO. 12-01-00085-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




FLOYD MURRAY,
§
 APPEAL FROM THE 369TH

APPELLANT



V.
§
 JUDICIAL DISTRICT COURT OF


TEXAS DEPARTMENT OF CRIMINAL 

JUSTICE- INSTITUTIONAL 

DIVISION, ET AL., §
 ANDERSON COUNTY, TEXAS

APPELLEES






PER CURIAM


 Floyd Murray ("Appellant"), an inmate in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), proceeding pro se, filed an in forma pauperis petition for bill of
review against the TDCJ. The trial court dismissed Appellant's suit with prejudice pursuant to
Chapter 14 of the Texas Civil Practice & Remedies Code. Appellant raises one issue on appeal. We
affirm.


Background

 Appellant injured his hand when it was caught in a food-mixing machine he was cleaning. 
He lost four fingers as a result of the accident. Claiming that employees of the TDCJ had wrongfully
removed a warning light from the machine, Appellant filed suit against TDCJ under the Texas Tort
Claims Act. (1) Subsequently, the TDCJ filed a motion for summary judgment contending that it had
not received timely notice of Appellant's claim. (2) On September 18, 1997, Appellant filed his
petition for bill of review. In his petition for bill of review, Appellant argued that, in the original
lawsuit, the TDCJ had perpetrated a fraud on the trial court by pleading and arguing that it had no
notice of Appellant's claim when it had actual notice of his claim. Appellant also argued that the
TDCJ further perpetrated such fraud by making false statements to the trial court in an effort to
secure summary judgment in its favor. By way of his bill of review, Appellant sought reinstatement
of the original lawsuit and the withdrawal of the summary judgment entered in favor of the TDCJ. 
On February 16, 2001, the trial court signed an order dismissing Appellant's bill of review with
prejudice, finding Appellant's claim to be frivolous or malicious.


Dismissal Pursuant to Texas Civil Practice 

and Remedies Code Chapter 14

 We review the trial court's dismissal of an in forma pauperis suit under an abuse of
discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.- Waco 1996, no writ). A
trial court abuses its discretion if it acts arbitrarily, capriciously and without reference to any guiding
rules or principles. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.- Houston [1st Dist.]
1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. Johnson v.
Lynaugh, 796 S.W.2d 704, 706-07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.-
Waco 1991, writ denied).

 Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. (3) 
Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon Supp. 2002); Hickson, 926 S.W.2d at 398. 
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a)(2) (Vernon Supp. 2002). In determining whether a claim is frivolous or malicious, a trial
court may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the "same operative facts." Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the "operative facts" upon which relief was sought. Id. at § 14.004(a)(2)(A).

 In the case at hand, the record contains no affidavits or unsworn declarations in accordance
with Texas Civil Practice and Remedies Code section 14.004. In fact, the only statement even
resembling the Section 14.004 requirements was a statement contained in Appellant's "Motion for
Reinstatement to Amend Judgment." In his motion, Appellant states, "The Acting party in this case
has not filed any petition to the [A]nderson County District Clerk[`]s office of the 87th Judicial
District regarding this matter." An unsworn verification is attached to Appellant's motion, stating
that the allegations in the motion were "true and correct to the best of [Appellant's] knowledge." 
Appellant's statement in his motion failed to properly identify any previously filed claims, nor did
it state that Appellant had not filed any such claims, regarding any matter, in any court. Without this
information, the trial court was unable to consider whether Appellant's current claim was
substantially similar to his previous claims, if any. See Bell v. Texas Dep't. of Criminal Justice -
Inst. Div., 962 S.W.2d 156, 158 (Tex. App.- Houston [14th Dist.] 1998, pet. denied). 

 When an inmate files an affidavit or declaration which fails to comply with the requirements
of section 14.004, "the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous." Id. A declaration that does not set forth
the requisite details about previous lawsuits filed by that inmate, even if the only detail is that no
previous lawsuits have been filed, does not comport with the requirements of section 14.004. 
Accordingly, the trial court did not abuse its discretion when it dismissed Appellant's suit. Id. 
Appellant's sole issue is overruled.

 Accordingly, the trial court's order dismissing Appellant's lawsuit is affirmed.


Opinion delivered January 23, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)


1. Tex. Civ. Prac. & Rem. Code Ann. § 101.001, et seq. (Vernon 1997 & Supp. 2002).
2. See Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (Vernon 1997).
3. Chapter 14 does not apply to suits brought under the Family Code. Tex. Civ. Prac. & Rem. Code Ann. §
14.002(b) (Vernon Supp. 2002).