11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Vecentie Morales, Jr.

Appellant

Vs.                   No.
11-04-00206-CV -- Appeal from Palo Pinto County

Ira Mercer

Appellee

 

Vecentie
Morales, Jr. sued Ira Mercer alleging that Mercer brutally assaulted him while
he was in custody.  Morales sought
$100,000 in actual damages and $250,000 in punitive damages.  The trial court, Judge Jerry Ray presiding,
dismissed Morales=s claims
pursuant to TEX. CIV. PRAC. & REM. CODE ANN. '
14.004(a) (Vernon 2002).  We affirm.

Morales
argues on appeal that Judge Ray should have been recused and that Judge Ray Ahad no legal authority to make a
ruling.@  We disagree.

In
his motion to recuse, Morales stated that Judge Ray should be recused pursuant
to TEX.R.CIV.P. 18b and TEX. CIV. PRAC. & REM. CODE ANN. ' 30.016 (Vernon Supp. 2004 - 2005)[1]
based on Judge Ray=s prior
service as Palo Pinto County District Attorney.   Morales=s
motion did not state a ground which would require recusal pursuant to Rule 18b.
The record before this court does not support Morales=s
arguments.  The standard of review for an
order denying a motion to recuse is abuse of discretion.  TEX.R.CIV.P. 18a(f); In re M.C.M., 57
S.W.3d 27, 33 (Tex.App. - Houston [1st Dist.] 2001, pet=n
den=d). 
Judge Jeff Walker, the Presiding Judge of the Eighth Administrative
Region, did not abuse his discretion in denying Morales=s
motion.








TEX.
CIV. PRAC. & REM. CODE ANN. '
14.003 (Vernon 2002) provides that a trial court may dismiss a claim if the
court finds that the claim is frivolous or malicious.  To allow the trial court to make that
determination, the legislature enacted TEX. CIV. PRAC. & REM. CODE ANN. ' 14.004 (Vernon 2002).  Bell v. Texas Department of Criminal
Justice - Institutional Division, 962 S.W.2d 156, 158 (Tex.App. - Houston
[14th Dist.] 1998, pet=n
den=d). 
Section 14.004 requires an inmate who files an affidavit or unsworn
declaration of inability to pay costs to file a separate affidavit of
declaration.  The record before this
court reflects that Morales failed to comply with the mandatory requirements of
Section 14.004.  Therefore, the trial
court did not abuse its discretion in dismissing Morales=s
claims.

All
of Morales=s
contentions have been considered.  Each
is overruled.

The
order of the trial court is affirmed.

 

PER CURIAM

 

August 25, 2005

Not designated
for publication.  See TEX.R.APP.P.
47.2(a).

Panel consists
of: Wright, J., and McCall, J.











[1]Section 30.016 applies to a Atertiary recusal motion@ or a
third or subsequent motion filed by the same party in a case.