NO. 07-04-0533-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 2, 2006

_____

PATRICK EARL CONELY, APPELLANT

v.

PROPERTY OFFICER DIETZ, ET AL., APPELLEES

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-526,673; HON. BLAIR CHERRY, PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

This *pro se* appeal arises from the dismissal by the trial court of a suit by appellant Patrick Earl Conely seeking the recovery of damages from appellees Phillip Duffy, Stuart Dietz, Franklin Schlegel, Cynthia Harrell, and Rebecca Sasser, employees of the Texas Department of Criminal Justice. In the suit, appellant, a penal inmate, sought recovery for the alleged conversion of certain personal items belonging to him and for damages arising from the conversion of those items. We affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

This appeal presents three issues for our decision. Those issues are: 1) did the trial court abuse its discretion in dismissing appellant's suit under Chapter 14 of the Texas Civil Practice and Remedies Code; 2) did the trial court err in dismissing appellant's suit without a hearing; and 3) did the trial court err in refusing to appoint counsel for appellant.

## Statute

Effective June 8, 1995, the legislature enacted Chapter 14 of the Civil Practice and Remedies Code entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-014 (Vernon 2002). With the exception of actions brought under the Family Code, Chapter 14 applies to suits brought by an inmate who has filed "an affidavit or unsworn declaration of inability to pay costs." *Id.* §14.002. Section 14.004 requires that an inmate file with his suit a separate affidavit or declaration identifying each prior suit brought by the inmate, specifying the operative facts, the case name, the cause number, the court in which it was brought, the names of the parties, and the result of the suit.

## Standard of Review

The standard of review of a dismissal under Chapter 14 is controlled by an abuse of discretion standard. That standard is determined by a decision whether the dismissing court acted without reference to any guiding principles or, stated another way, was the action of the court arbitrary or unreasonable. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). In making that decision, the fact that an appellate court might have decided a matter within the trial court's discretion in a different manner does not demonstrate that an abuse of discretion occurred. *Id*. at 399.

2

Discussion

Logical continuity requires us initially to discuss whether the trial court reversibly erred in failing to appoint an attorney to represent appellant in this matter. A district judge may appoint counsel for an indigent party to a civil case in exceptional instances in which the public interests at stake may be such that the administration of justice may be best served by the appointment of counsel. *See Travelers Indem. Co. v. Mayfield*, 923 S.W. 2d 590, 594 (Tex. 1996); Tex. Gov't Code Ann. §24.016 (Vernon 2004). Indeed, our Supreme Court, noting that such suits are so commonplace that the legislature enacted Chapter 14 to curb this particular area of litigation, opined that the mere fact that an inmate brings suit against an employee of the prison in which the inmate is incarcerated does not constitute an exceptional circumstance such as to warrant appointed counsel. *See Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003). Likewise, this suit is neither of such exceptional character as to require the appointment of counsel nor has appellant demonstrated that the public and private interests at stake here are so exceptional as to warrant the appointment of counsel. Thus, the trial court did not err in refusing to do so.

The purpose of Chapter 14 is obvious. In adopting it, the legislature recognized the problem of constant, often duplicative, inmate litigation in this state and sought to reduce such litigation by requiring the inmate to notify the trial court of previous litigation and the outcome of such litigation. In this way, the trial court could determine, based upon previous filings, if the suit was frivolous because the inmate had previously filed a similar claim. *See Bell v. Texas Dep't of Crim. Justice-Institutional Div.*, 962 S.W.2d 156, 157-58 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).

3

In this case, appellant did attach an affidavit of previous filings. He admits there were other filings not shown in the affidavit, albeit with the explanation that he was unable to recall the other filings. In their motion to dismiss, appellees pointed out other filings in *Conely v. Preston* in the 52nd District Court of Coryell County, *Conely v. Cauthon* in the Federal District Court for the Eastern District of Texas, as well as *Conely v. Johnson et al. and Conely v. Tedford* in the Federal District Court for the Western District of Texas. Moreover, in the suits that appellant does list, he fails to give the cause numbers and the dates of the suits. Additionally, he fails to give sufficient operative facts of the suits. The statute neither provides that an inability to remember excuses the required listing of previous suits nor does it excuse the proper statement of the operative facts of each case. Because of appellant's failure to comply with the mandatory requirements of Chapter 14, the trial court acted well within its discretion in dismissing the suit.

Our determination that the trial court did not err in refusing to appoint trial counsel and acted within its authority in dismissing the suit obviates the necessity for discussing whether appellant failed to exhaust his administrative remedies before filing the suit.

Accordingly, the judgment of the trial court must be, and is hereby, affirmed.

John T. Boyd
Senior Justice

4