In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00229-CR


______________________________




JAMES RENE HAYES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 21319




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 In a single, three-day trial, James Rene Hayes was convicted of three charges of possession
of a controlled substance (cocaine), four or more grams, less than 200 grams. See Tex. Health &
Safety Code Ann. § 481.115(d) (Vernon 2003). The three offenses were alleged to have taken
place in 2002, 2004, and 2006. Hayes has filed a consolidated appeal, attacking all three
convictions. (1) 

 The instant matter concerns an allegation that on or about February 2, 2006, Hayes possessed
the amount of crack cocaine prohibited by the statute. The indictment alleged that he possessed the
cocaine in a drug-free zone (2) and that he had previously been convicted of a felony. (3) The State
subsequently waived prosecution of the drug-free-zone allegation. Hayes pled guilty to that offense
and "true" to the enhancement allegation; he was sentenced to ninety-nine years' imprisonment. 
None of the points of error in Hayes's consolidated brief directly address issues in this case. 
However, in the closing paragraph of his unified appeal of the three cases, he asks this Court to
vacate his sentence on the instant cause number. At oral argument, Hayes told this Court he was
appealing the sentence he received in the instant case, as well as the underlying convictions in the
other two causes. 

 After a review of records, briefs, and arguments, we treat Hayes's appeal of this case as an
appeal of the sentence he received. We reach this conclusion because he does not attack the actual
plea of guilty or anything else to do with the February 2006 offense except for his summary request
at the end of his consolidated brief, seeking to vacate the sentence which was imposed. 

 In examining that request, the only points in Hayes's consolidated brief which could be
construed as relevant to this particular case are Hayes's complaints that (1) Paris police officer Leigh
Foreman offered expert testimony, (2) if Foreman did offer expert testimony, then Hayes's attorney
was constitutionally ineffective for failing to request a Rule 705 (4) hearing, and (3) the aggregate effect
of the trial court's rulings and comments was so unfair as to deny Hayes due process. Upon
consideration of these arguments, we overrule them and affirm the trial court's sentence. 

 Foreman testified that on February 2, 2006, he saw a car driven by Hayes fail to come to a
complete stop at a stop sign. Foreman attempted to conduct a traffic stop, but Hayes continued
driving with Foreman following him. During this time, Foreman observed that an object was thrown
from Hayes's vehicle. After Hayes was stopped, police then retrieved the object which had been
tossed from the moving vehicle: a napkin wrapped around several rocks of crack cocaine. Police
noted that although there had been a recent rain in the area, the napkin-wrapped package of drugs
which had been found still remained dry. In addition to the packet of drugs, officers discovered
additional crack cocaine in the vehicle. 

 Foreman further testified that when Hayes was arrested on February 2, 2006, Hayes also had
about $1,200 in cash, another person's unemployment check and driver's license and a third person's
credit card. Foreman said that Hayes had about five $100 bills and the rest of the cash was
"predominantly" in $20s. Hayes lodged an objection to Foreman's continued testimony and the
parties convened at the bench; however, the bench conference which followed was not transcribed. (5)
 

 Foreman then testified that drug dealers rent cars in other people's names to avoid detection
and that they may accept unemployment checks and credit cards as payment for narcotics which they
sell. Hayes objected to this testimony on the basis that such testimony called for the rendition of
expert opinions. The objections were overruled. 

 We are unconvinced that Foreman's testimony, to which objections were lodged, qualified
as expert opinion testimony. The thrust of Foreman's testimony was that certain circumstances
which he noticed when he made contact with and arrested Hayes led him to conclude that Hayes
demonstrated characteristics which were common to many who are involved in drug trafficking. 
Foreman's opinion concerning this required neither significant expertise nor was it based on any
scientific theory. Cf. Osbourn v. State, 92 S.W.3d 531, 537-38 (Tex. Crim. App. 2002) (held: 
police officer's testimony that she identified an odor as that of burning marihuana not an expert
opinion; opinion was based on witness's perception, training, and experience). "All opinions are
formed by evaluating facts based on life experiences including education, background, training,
occupation, etc." Id. at 538. Here, Foreman said that Hayes failed to stop when Foreman got behind
him and activated the overhead lights on his patrol car. Foreman saw Hayes throw something out
the car's window, which was later found to be a packet containing several rocks of crack cocaine. 
Foreman said that based on his training and experience, the rocks were worth about $20 each. (6) 
Hayes had approximately $1,200 in cash, mostly in $20 bills; Foreman's training and experience had
been to observe that crack cocaine is usually sold in $20 increments. Foreman also said it was
"common for persons addicted to crack cocaine to buy crack cocaine with unemployment checks." 
This opinion was based upon Foreman's "training and investigations." The unemployment check had
been issued to Larry Giles (whose driver's license was also on Hayes's person when arrested);
Foreman identified Giles as being a "crack cocaine addict," an observation which Foreman said was
likewise based on his "experience as an officer." As regards Hayes's possession of a credit card
bearing the name of Anthony Williams, Foreman said that in his experience as a police officer, he
believed that Williams was a "[v]ery large cocaine trafficker in the Paris area," who was "a money
man . . . [who] provide[d] his money in the form of credit cards to James Hayes." Similarly,
Foreman said, "In the course of our training and investigation, we have found that persons involved
in trafficking crack cocaine will often use a rent [sic] vehicle. . . . to muddle the waters. It's hard to
trace or track." 

 It would have been within the trial court's discretion to find Foreman's testimony to be
"opinions or inferences that are rationally based on the witness' perception and helpful to a clear
understanding of the witness' testimony or the determination of a fact in issue." Id.; see also Powell
v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001) (admissibility of evidence is within discretion
of trial court and will not be reversed absent abuse of discretion). We find guidance in the Texas
Court of Criminal Appeals' detailed analysis in Osbourn. As stated in Osbourn,

 [E]ven events not normally encountered by most people in everyday life do not
necessarily require the testimony of an expert. The personal experience and
knowledge of a lay witness may establish that he or she is capable, without
qualification as an expert, of expressing an opinion on a subject outside the realm of
common knowledge.


Osbourn, 92 S.W.3d at 537 (citing United States v. James Earl Paiva, 892 F.2d 148, 157 (1st Cir.
1989)). 

 Therefore, to the extent Hayes's appeal contests his sentence for the February 2006 offense,
we find no merit in his arguments. Regarding his fourth point of error, which claims law
enforcement officers gave expert opinions, the above discussion defeats that claim. Hayes's sixth
point of error asserts that his trial counsel (who also represents Hayes on appeal) was ineffective for
having failed to request a hearing on expert testimony pursuant to Rule 705 of the Texas Rules of
Evidence. As Foreman's testimony did not amount to expert testimony, there was no error in having
failed to request such a Rule 705 hearing. See McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim.
App. 1992) (not ineffective to fail to object to admissible evidence). 

 Hayes's fifth point of error (which complains of the aggregate effect of the trial court's rulings
and statement), is multifarious and inadequately briefed. We decline to address it. See In re A.R.,
236 S.W.3d 460, 477 (Tex. App.--Dallas 2007, no pet); Bell v. Tex. Dep't of Crim.
Justice--Institutional Div., 962 S.W.2d 156, 157-58 (Tex. App.--Houston [14th Dist.] 1998, pet.
denied) (point of error that embraces more than one specific ground of error is multifarious;
reviewing court may refuse to review); see also Tex. R. App. P. 38.1(h).

 Having found no merit to Hayes's points of error, we conclude by pointing out that to the
extent Foreman offered testimony that circumstances around Hayes's arrest suggest he was a drug
dealer, all relevant evidence is admissible at punishment. See Tex. Code Crim. Proc. Ann. art.
37.07, § 3 (Vernon Supp. 2007). So, while it is true the State announced at the beginning of
guilt/innocence it was proceeding only on charges of possession of a controlled substance in all three
cases, it would have been entitled to introduce evidence of dealing at punishment. 

 We affirm the trial court's judgment. 



 Bailey C. Moseley

 Justice


Date Submitted: January 16, 2008

Date Decided: February 1, 2008


Do Not Publish


1. On even date of this opinion, we release opinions in cause numbers 06-06-00230-CR and
06-06-00231-CR, both styled Hayes v. State. We refer the reader to those opinions for fuller
discussions of these cases, their issues, and outcomes. 
2. See Tex. Health & Safety Code Ann. § 481.134 (Vernon Supp. 2007).
3. See Tex. Penal Code Ann. § 12.42 (Vernon Supp. 2007).
4. See Tex. R. Evid. 705.
5. Rule 13.1 of the Texas Rules of Appellate Procedure mandates that court reporters record
and transcribe bench conferences "unless excused by an agreement of the parties." Tex. R. App. P.
13.1(a). However, a defendant is required to object to the court reporter's failure to record bench
conferences in order to preserve error for appeal. Valle v. State, 109 S.W.3d 500, 508-09 (Tex.
Crim. App. 2003). Hayes does not point to any objection during trial regarding the reporter's failure
to record any bench conferences and we have found none. 

6. Hayes made no complaint about this testimony, either at trial or on appeal.