

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00084-CV

**TODD WARREN ALTSCHUL,**

**Appellant**

**v.**

**TDCJ - INMATE TRUST FUND DIVISION,
MAIL SYSTEMS COORDINATORS PANEL
AND DIRECTORS REVIEW COMMITTEE,**

**Appellees**

From the 12th District Court
Walker County, Texas
Trial Court No. 24,350

## MEMORANDUM  OPINION

Todd Warren Altschul, a prison inmate, appeals the trial court's dismissal of his civil lawsuit for failure to comply with certain requirements for indigent inmate litigation.  *See* TEX. CIV. PRAC & REM. CODE ANN. Ch. 14 (West 2002 & Supp. 2011). Because the trial court did not abuse its discretion in dismissing the suit, we affirm the trial court's judgment.

Altschul's suit, a petition for writ of injunction against "TDCJ-Inmate Trust Fund[1] Division & Mail System Coordinators Panel & Directors Review Committee," was filed in July of 2008.  His claim against the "Inmate Trust Fund Division" pertains to a hold on an amount of money in Altschul's inmate account and his claim against the "Mail System Coordinators Panel & Directors Review Committee" pertains to Altschul's father being placed on the "negative mailing list."  The trial court dismissed Altschul's action on March 14, 2011 as frivolous for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code.  We review a dismissal pursuant to Chapter 14 under an abuse-of-discretion standard.  *Allen v. Tex. Dep't Crim. Just.*, 80 S.W.3d 681, 682 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).

As part of their motion to dismiss, the appellees complained that Altschul provided an insufficient "Affidavit Relating to Previous Filings" because Altschul did not sufficiently describe his previous lawsuits pursuant to section 14.004 and failed to identify each suit he had previously filed.  *See* TEX. CIV. PRAC & REM. CODE ANN. § 14.004 (West Supp. 2011).  When an inmate fails to comply with the affidavit requirements of section 14.004, the trial court may assume that the current suit is

---

[1] Courts and parties have frequently referred to inmate money accounts as inmate "trust" accounts.  The term "trust" has been removed from their statutory references.  Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, § 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (West Pamp. 2011)).  They are simply inmate accounts.  While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

substantially similar to one previously filed by an inmate and thus is frivolous. *Bell v. Tex. Dep't of Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Here, Altschul filed an affidavit purportedly complying with section 14.004 that lists only two previous filings. However, he did not (a) describe the operative facts of either case included in the affidavit or (b) list the case name and cause number or identify the parties in the other.[2] *Cf. Samuels v. Strain*, 11 S.W.3d 404, 405, 407 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (concluding that trial court did not abuse its discretion in dismissing inmate's claim because, inter alia, inmate failed to list the operative facts or identify the parties in one of the cases included in his affidavit). We note that Altschul did not include in his affidavit the plethora of original proceedings he has filed over the years, some dating back to 1996. He argues that he was not required to do so, based on the use of the term "suit" in the statute. *See* TEX. CIV. PRAC & REM. CODE ANN. § 14.004(a) (West Supp. 2011). We need not decide that question because the affidavit filed is deficient with regard to the suits listed. However, section 14.004 has been amended to make clear that in the future, the affidavit must include previously filed "actions" which includes original proceedings. *See* Acts of 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 12.01, eff. Jan. 1, 2012. Section 14.002 has also been

---

[2] Even before the filing of this appeal, Altschul had yet another dismissed action affirmed on appeal for the same deficiencies. *Altschul v. State*, No. 14-09-00325-CV, 2010 Tex. App. LEXIS 5507 (Tex. App.—Houston [14th Dist.] July 15, 2010, pet. denied) (mem. op.).

amended to make clear that such an affidavit is also required if the new action is filed in a court of appeals. *Id*.

Under these circumstances, the trial court was entitled to presume the petition for writ of injunction was substantially similar to one of his previous filings and dismiss it as frivolous. *See id*. at 407; *Bell*, 962 S.W.2d at 158. Accordingly, we overrule Altschul's issues on appeal.

The trial court's judgment is affirmed.[3]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 14, 2012
[CV06]

---

[3] After his brief was filed, Altschul presented a "Motion to Voluntarily Dismiss in Part…" his issues regarding the procedural dismissal and dismissal on the merits of his claim against the "Mail System Coordinators Panel & Directors Review Committee." Because we have affirmed the trial court's judgment on another ground, Altschul's motion is dismissed as moot.