

## IN THE
## TENTH COURT OF APPEALS

───────────────

### No. 10-11-00271-CV

**JOHN W. BANOS,**

                                    **Appellant**

 **v.**

**DONNA BERRY, MARK W. DUFF,**
**AND VERA FOX,**

                                    **Appellees**

───────────────

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. COT-11-40415

───────────────────────────────

## MEMORANDUM OPINION

───────────────────────────────

Appellant John W. Banos, a state-prison inmate, sued Appellees Donna Berry, Mark Duff, and Vera Fox, employees of the Texas Department of Criminal Justice, alleging constitutional violations and property theft. Banos filed suit as an indigent, which triggered Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West 2002 and Supp. 2012). The Appellees filed a motion to dismiss, asserting that Banos had failed to comply with several of Chapter

14's requirements and that Banos's claims were frivolous. The trial court granted the motion and dismissed the case for Banos's failure to comply with Chapter 14. Banos appeals, asserting in three issues that the trial court erred in dismissing the case. We will affirm.

Generally, the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). A prison inmate who files suit in a Texas state court and seeks to proceed *in forma pauperis* must comply with the procedural requirements set forth in Chapter 14 of the Civil Practice and Remedies Code. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *Id.*

In their motion to dismiss, Appellees asserted that Banos had failed to comply with section 14.004 regarding his previous filings. Banos's first issue asserts that the trial court abused its discretion in dismissing his suit for failure to comply with section 14.004.

Section 14.004 requires an inmate proceeding *in forma pauperis* to file an affidavit or unsworn declaration that specifically identifies all other pro se actions brought by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2012). A trial court may dismiss an inmate's claim as frivolous when the inmate fails to file such an affidavit or unsworn declaration. *See Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied). "[T]he supplemental filing required by Section 14.004 . . . is an essential part of the process by which courts review inmate litigation." *Hickson*

*v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). Accordingly, "when an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, frivolous." *Bell v. Tex. Dep't Crim. Just.-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

The version of section 14.004 in effect at the time Banos filed suit required an inmate to file a separate affidavit or declaration: (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and (2) describing each suit that was previously brought by: (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number and the court in which the suit was brought; (C) identifying each party named in the suit; and (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under section 13.001 or section 14.003 or otherwise. Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 2, 1995 Tex. Gen. Laws 2921, 2922-23.

Banos's declaration of previous filings states: "The plaintiff has never filed a civil suit in Coryell county and he just arrived in this county on September 9 2010 and this present lawsuit and the issues involved have not been filed on ever in any court." Appellees' motion to dismiss asserted that Banos's attempt to limit his declaration of previous filings to suits filed in Coryell County did not comply with section 14.004. Banos argues that because he was limited to filing suit only in the county in which his

TDCJ facility was located (TEX. CIV. PRAC. & REM. CODE ANN. § 15.019 (West 2002)), he should only have to identify any previous Coryell County suits. Banos is incorrect.[1] *See Light v. Womack,* 113 S.W.3d 872, 874 (Tex. App.—Beaumont 2003, no pet.) (holding declaration that inmate limited to only other lawsuits against any government entity or employee was insufficient and trial court's dismissal was not abuse of discretion).

Because of Banos's failure to comply with section 14.004, the trial court did not abuse its discretion in dismissing Banos's suit as frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(4) (West 2002). We overrule Banos's first issue and need not address his other two issues. The trial court's judgment is affirmed, and all pending motions in this appeal are dismissed as moot.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 25, 2013
[CV06]

---

[1] Banos's argument lacks any authority. We also note that if inmates could limit the required disclosure of previous filings to one county, they could easily ignore section 15.019's mandatory venue provision and file suit elsewhere in an attempt to file duplicative litigation and to evade section 14.004's disclosure requirements, which would undermine the legislative purpose behind section 14.004. *See Bell,* 962 S.W.2d at 158 ("The purpose of sections 14.003 and 14.004 is obvious: the Texas Legislature recognized the problem of constant, often duplicative, inmate litigation in this state, and sought to reduce it by requiring the inmate to notify the trial court of previous litigation and the outcome. In this way, the trial court could determine, based on previous filings, if the suit was frivolous because the inmate had already filed a similar claim.").