# NO. 12-14-00106-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ROBERT C. MORRIS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Robert C. Morris seeks a writ of mandamus directing the trial court to rule on certain motions and also directing the district clerk to advise him of the status of the motions. He filed an affidavit of indigence along with his petition for writ of mandamus. We dismiss the petition as frivolous.

## INMATE LITIGATION–CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Texas Civil Practice and Remedies Code was amended to apply to an action, including an appeal or an original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court, or an appellate court in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2013). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in an appellate court just as when they file an action in a trial court. *See id*.

Chapter 14 requires an inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Texas Family Code. *Id*. § 14.004(a) (West Supp. 2013). The affidavit or declaration must be accompanied by a certified copy of his "inmate trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six

months preceding the date on which the claim is filed." *Id*. § 14.004(c) (West Supp. 2013). The filings required under Chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ).

If the inmate fails to file the affidavit or declaration with the required information about previous filings or the inmate trust account statement, the trial court can dismiss the action without notice or hearing. *See, e.g.*, *Amir-Sharif v. Mason*, 243 S.W.3 854, 857 (Tex. App.–Dallas 2008, no pet.); *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). Further, when an inmate fails to comply with the requirement for the affidavit or declaration of previous filings, the trial court may assume that the current action is substantially similar to one previously filed by the inmate and thus is frivolous. *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). We see no reason why this caselaw interpreting the Chapter 14 requirements as they apply to actions filed in trial courts should not also now apply to actions filed in appellate courts. *See Douglas v. Turner*, No. 10-13-00031-CV, 2013 WL 2245653, at *1 (Tex. App.–Waco May 9, 2013, no pet.) (op., not yet released for publication).

In this appeal, Morris, an inmate, filed a copy of his inmate trust account statement, but did not file an affidavit or declaration of previous filings. Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss Freeman's petition for writ of mandamus without notice.

## CONCLUSION

Morris did not comply with the Chapter 14 requirement for an affidavit or declaration of previous filings. Therefore, we *dismiss* his petition for writ of mandamus as frivolous. *See Bell*, 962 S.W.2d at 158.

Opinion delivered April 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2014**

**NO. 12-14-00106-CV**

**ROBERT C. MORRIS,**
Relator
V.
**HON. PAM FLETCHER AND JANICE STAPLES,**
Respondents

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **ROBERT C. MORRIS**, who is the defendant in Cause No. 349-6270, pending on the docket of the 349th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on April 25, 2014, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DISMISSED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*