

## NUMBER 13-14-00407-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**ROBERT NICKLOS CHAMBERS III,**                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 24th District Court
### of Jackson County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Robert Niklos Chambers III was charged with aggravated assault with a deadly weapon and injury to an elderly individual. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(1)(2), 22.04 (West, Westlaw through 2015 R.S.). In a single issue on appeal,

Chambers argues that the trial court abused its discretion by admitting extraneous offense evidence during the guilt-innocence phase of trial. We affirm.

## I. BACKGROUND

On September 17, 2013, Joyce Pellam, Chambers's mother, called 9-1-1 to report a fight she was having with Chambers. Deputy Bryan Martin testified that he received a call from the dispatcher in regard to a family disturbance and went to Chambers's house. Upon arriving, Deputy Martin noticed that Pellam had a bump over her eye that was red and swollen. Deputy Martin testified that when he asked Pellam what happened, she told him that Chambers was upset because she had accidentally deleted one of his recorded TV episodes of "Sons of Anarchy." The deputy testified that Pellam further related that she pushed Chambers back as he got in her face and began to intimidate her. Chambers became more upset, head-butted Pellam, threw her to the ground, and then poured beer on her. Pellam then locked herself in the car to call 9-1-1. Chambers was arrested and, according to jailer Ronald Kovar, stated: "I will plead guilty to this charge."

At trial, the State called Pellam as a witness. When Pellam became argumentative and evasive when asked about what she told the deputies, the court allowed the prosecutor to treat her as a hostile witness and ask her leading questions. On cross-examination by Chambers, Pellam testified that Chambers did not actually intend to harm her and that it was merely an accident: because of the cramped nature of their house, Chambers accidentally bumped into her, causing her to hit her head on some furniture. To rebut the theory that Chambers accidentally injured Pellam, the State offered evidence that Chambers had previously been arrested for assaulting his girlfriend, Kim Kline, by

2

striking her in the face. Chambers had claimed in that incident that it was an "accident" and that Kline must have bumped her head into the head of the child she was holding. In that case, Chambers had also admitted to hitting Kline, who later recanted her story.

The jury found appellant guilty as to aggravated assault with a deadly weapon (count 1) and injury to an elderly individual (count 2). *See id.* §§ 22.02(a)(1)(2), 22.04. Chambers pled true to the enhancement paragraph charging a previous conviction for a felony assault with a firearm. Chambers elected to have the trial court assess punishment. The court assessed a forty-year term on count 1 and a twenty-year punishment on count 2, to be served concurrently. This appeal ensued.

## II. EXTRANEOUS OFFENSE EVIDENCE

In his sole issue on appeal, Chambers argues that the trial court abused its discretion by admitting extraneous offense evidence. Chambers argues that evidence of the extraneous offense should have been inadmissible under 403 and 404 of the Texas Rules of Evidence. *See* TEX. R. EVID. 403, 404.

## A.     Standard of Review and Applicable Law

We review the admission of extraneous offense evidence for abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *Id.* at 304. Generally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, this type of evidence may be admissible for other

3

purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or *lack of accident.*" TEX. R. EVID. 404(b)(2) (emphasis added). In other words, extraneous offense evidence can be used to prove the "system" or "modus operandi" of the defendant if that system tends to prove a material issue on trial. *Owens v. State*, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992). Thus, when an objection is made to extraneous offense evidence under Rule 404, the proponent of the evidence has the burden of persuading the trial court that the evidence has relevance apart from character conformity. *See Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990) (en banc) (op. on reh'g).

Rule 403 states that a trial court may exclude relevant evidence if the evidence's probative value is substantially outweighed by one or more of the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. However, courts presume that the probative value of relevant evidence always exceeds any potential danger of unfair prejudice until proven otherwise. *See Montgomery*, 810 S.W.2d at 389.

## B.    Rules 403 and 404 of the Texas Rules of Evidence

Chambers offers two reasons why it was an abuse of discretion to admit the extraneous offense evidence of Chambers assaulting his girlfriend Kim Kline: (1) the prejudicial nature of the evidence outweighed any probative value of the evidence; and (2) the evidence was admitted specifically as prohibited character-conformity evidence. These are objections based on Rules 403 and 404 of the Texas Rules of Evidence, respectively.[1]  *See* TEX. R. EVID. 403, 404.

---

[1] Chambers has combined two complaints (his Rule 403 and 404 complaints) within a single point of error. A point of error that embraces more than one specific ground of error is multifarious. *See Bell v.*

First we will address Chambers's 403 argument. In regards to the extraneous-offense evidence, Chambers objected by stating the following: "For the record, I'm objecting to that testimony under 404(a), 401 and 402 and also 403."[2] Later, Chambers objects by saying, "Judge, I'm going to object to this testimony under 404, 401 and 403." A general 403 objection is "not sufficient to preserve error because it fails to identify for the trial court which of the five distinct grounds for excluding evidence listed in [Rule 403] is being argued as a basis for exclusion." *Checo v. State*, 402 S.W.3d 440, 451 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Chambers did not inform the trial court which of the factors listed in 403 he thought applied. *See* Tex. R. Evid. 403. Therefore, we overrule Chambers's issue inasmuch as it relates to Rule 403. *See Checo*, 402 S.W.3d at 451. Next we will address Chambers's Rule 404 issue.

First, Chambers asserts that the extraneous evidence relating to accident is irrelevant to anything other than character conformity because Chambers never officially pled the defense of accident. As part of his trial strategy, Chambers elicited testimony from Pellam during cross-examination that her injuries were all accidental and that Chambers never intended to harm Pellam. The defendant "opens the door" for the State to offer rebuttal testimony whenever a defensive theory is presented to the jury. *See Knight v. State*, 457 S.W.3d 192, 198 (Tex. App.—El Paso 2015, pet. ref'd). More specifically, extraneous-offense evidence is admissible to "rebut defensive theories

*Tex. Dept. of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 157 n. 1 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Therefore, Bell's point of error is multifarious and we could refuse to review it. *See id.* A court, however, may consider multifarious points of error if it can determine, with reasonable certainty, the alleged error about which complaint is made. *See id.* Because we are able to determine the errors about which Bell complains, we will, in the interest of justice, consider his complaints.

[2] Chambers does not argue on appeal that the evidence should have been excluded based on Rules 401 or 402, which both deal with relevancy.

raised by the testimony of a State's witness during cross-examination." *Ransom v. State*, 920 S.W.2d 288, 301 (Tex. Crim. App. 1994); *see Powell v. State*, 63 S.W.3d 435, 436 (Tex. Crim. App. 2001). By eliciting testimony from Pellam that all of her injuries were accidental, Chambers presented a defensive theory of accident to the jury. *See Ransom*, 920 S.W.2d at 301*.* Whether Chambers had accidentally or intentionally caused the injuries was a material issue at trial. Therefore, the trial court's ruling that the State could properly offer this rebuttal testimony was within the zone of reasonable disagreement because it was relevant to a material issue Chambers raised by cross-examining Pellam. *See id.*; *see also* TEX. R. EVID. 401.

Chambers next argues that the evidence was offered to improperly prove that Chambers was acting in conformity with previous violent behavior. S*ee* TEX. R. EVID. 404(a). The State claims that it did not offer the extraneous offense evidence to prove character conformity, but rather to prove Chambers's modus operandi and rebut Chambers's defensive theory of accident. In return, Chambers argues that "[g]etting drunk, assaulting someone, and claiming it was an accident" is the modus operandi of every "member of the species homo sapiens . . . and other ethanol-craving mammals," and thus the extraneous offense evidence in this case does not reflect any particular system unique to Chambers. We agree with the State. The details of the incident with Kline are similar to the present case at hand. In both cases, the police were notified of a family disturbance in which Chambers had assaulted a female while under the influence of alcohol. Both cases led to Chambers being placed under arrest. In both cases, he admitted to striking the victim, but then the complainants later recanted their stories and

claimed that their injuries were an "accident." The trial judge even commented that he was allowing the evidence to be admitted "to show an intent, motive, absence of mistake or accident on his part when he deals with females in anger." The extraneous offense was admitted because it tended to rebut Chambers's defensive theory of accident. The extraneous offense was elicited to show that Chambers acted intentionally, not accidentally. In addition, the trial court gave the following instruction to the jury:

> You're instructed that if there is evidence before you in this case regarding the defendant committing an alleged offense or offenses other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, and then you can only consider that offense for the purpose of establishing intent, motive, absence of mistake or accident and for no other purpose.

On appeal, we generally presume the jury follows the trial court's instructions. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *see also Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (holding that extraneous-offense evidence "can be rendered harmless by an instruction to disregard" it as character evidence and only consider the evidence for other purposes, such as intent or lack of accident). Therefore, we conclude that the trial court did not abuse its discretion by admitting this evidence because the trial court's conclusion was at least within the zone of reasonable disagreement that the evidence was for a purpose other than to show character conformity. *See De La Paz*, 279 S.W.3d at 343.

We overrule Chambers's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

Nora L. Longoria
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of December, 2015.