Barney Joe **DONALSON**, Jr., Appelant,

v.

Jeannine **BARR**, Appellee.

No. 01–02–00443–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 23, 2002.

---

Barney Joe Donalson, pro se, Abilene, for Appellant.

Daniel E. Maeso, Asst. Atty. Gen., Austin, for Appellee.

Charles Rosenthal Jr., Houston, for Appellee.

Jeanine Barr, Houston, for Appellee.

### ORDER

PER CURIAM.

This is an appeal by appellant, inmate Barney Joe Donalson, Jr., from the dismissal of his civil suit. With his notice of appeal, appellant filed an affidavit of indigence that addressed the first nine of the 11 requirements for the contents of an affidavit of indigence under Texas Rule of Appellate Procedure 20.1(b). *See* TEX. R. APP. P. 20.1(b),(1)-(9). Appellant neglected to address requirements 10 and 11, to state: "(10) whether an attorney is providing free legal services to the party without a contingent fee; and (11) whether an attorney has agreed to pay or advance costs." *See* TEX. R. APP. P. 20.1(b), (10)-(11).

The County Attorney, on behalf of the District Clerk, filed a contest to appellant's affidavit on the grounds that appellant was not too poor to pay the costs of appeal and had not complied with section 14.004 of the Civil Practice and Remedies Code, that appellant identify any *pro se*, non-Family Code suits he had previously brought and state the operative facts of these suits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.00(a)(1) (Vernon Supp.2002). After hearing the contest, the trial court sustained it, finding that "Affiant has not complied with the statutory requirements for inmates to file affidavits of indigence . . . ."

In a "Supplemental Brief for the Purpose of Appealing the Trial Court's Order Sustaining Contest of the Affidavit of Indigence," appellant contends that the trial court abused its discretion in sustaining the District Clerk's contest by applying section 14.004(a)(1) to his postjudgment request to proceed without payment of appellate costs, because section 14.004(a)(1) does not apply.

We review rulings on a request to proceed as an indigent for abuse of discretion. *Rodgers v. Mitchell*, 83 S.W.3d 815, 822, (Tex.App.—Texarkana 2002, no. pet.h.).

■ We agree with appellant that section 14.004(a)(1) does not apply to post-judgment requests to proceed without payment of appellate costs. "The purpose of section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the *trial court* [not the appeals court] of previous litigation and the outcome." *Clark v. Estelle Unit*, 23 S.W.3d 420, 422 (Tex.App.—Houston [1st Dist.] 2000 pet. denied) (emphasis added). Nothing in the rules of appellate procedure deals with the requirements for proceeding without advance payment of appellate costs by requiring the information specified in section 14.004(a)(1). *See* TEX. R. APP. P. 20.1(b).

However, it is not clear from the judgment whether, in finding that, "Affiant has not complied with the statutory requirements for inmates to file affidavits of indigence . . . ," the trial court meant that appellant had not complied with section 14.004(a)(1). The trial court could have been referring to appellant's failure to fulfill the requirements of subsections (10) and (11) of Rule of Appellate Procedure 20.1(b). *See* TEX. R. APP. P. 20.1(b)(10)-(11).

■ Even if the trial court based its decision on section 14.004(a)(1), we cannot reverse its ruling sustaining the contest because a trial court cannot abuse its discretion when it reaches the right result, but for the wrong reasons. *Hawthorne v. Guenther*, 917 S.W.2d 924, 931 (Tex.App.—Beaumont 1996, writ denied). Here, sustaining the contest to appellant's affidavit of indigence was the right result because appellant did not comply with Texas Rule of Appellate Procedure 20.1(b)(10)-(11). Thus, it is immaterial whether the trial court sustained the contest for another reason.

We affirm the trial court's order sustaining the District Clerk's contest to appellant's affidavit of indigence.

Appellant is advised he has 30 days to pay the appellate filing fee of $125. *See* TEX. R. APP. P. 5; Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals, Misc. Docket No. 98–9120 (Tex. Jul. 21, 1998); TEX. GOV'T CODE ANN. § 51.207(a) (Vernon Supp.2002).

Subject to payment being made by appellant, the trial court clerk is ordered to file the clerk's record within 30 days of the date of this order. If the clerk's record is not filed by then, the trial court clerk is ordered to advise this Court in writing of the reason why the clerk's record has not been filed. If the reason is the failure of appellant to pay for the clerk's record, appellant is advised that the appeal is subject to dismissal. *See* TEX. R. APP. P. 37.3(b).

Subject to payment being made by appellant, the court reporter is ordered to file the reporter's record of this cause within 30 days of the date of this order. If the reporter's record is not filed by then, the court reporter is ordered to advise this Court in writing of the reason why the reporter's record has not been filed. If the reason is the failure of appellant to pay for the reporter's record, and if a clerk's record is filed, appellant is advised that the Court may proceed to consider the appeal based on the clerk's record and briefs alone. *See* TEX. R. APP. P. 37.3(c).

It is so **ORDERED**.