**Donald C. JACKSON, Appellant,**

v.

**TEXAS BOARD OF PARDONS AND PAROLES, Appellee.**

**No. 01–03–00862–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 2005.

Donald C. Jackson, Rosharon, TX, for Appellant.

Greg Abbott, Office of the Attorney General, Austin, TX, Sandra W. Robinson, Assistant Police Administrator, Anthony W. Hall, Jr., City Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

After the trial court dismissed his lawsuit to expunge his record, appellant, Donald C. Jackson, attempted to obtain a free appellate record. Appellant filed an affidavit of indigency, which the District Clerk contested. The trial court sustained the contest. In two points of error, appellant argues that the trial court abused its discretion by (1) sustaining the District Clerk's contest to appellant's affidavit of indigency on the ground that no arguable basis of law existed to warrant a free copy of the record on appeal and (2) holding that appellant's affidavit did not comply with the statute governing affidavits of indigency. Appellant is currently incarcerated in the Texas Department of Corrections on charges unrelated to this appeal. We reverse and render judgment that appellant be provided a free appellate record.

### Background

Appellant contends that he was arrested and charged with misdemeanor assault in Harris County on August 18, 1994, and that, in October 1994, the trial judge dismissed the charges against him at the behest of the assistant district attorney.

On September 30, 2002, appellant filed a verified ex parte petition seeking to expunge the record of his 1994 arrest pursuant to article 55.01 of the Code of Criminal Procedure. See TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.2004–2005). In December 2002, he filed a writ of habeas corpus ad testificandum, or, in the alternative, a request for a conference call hearing. In January 2003, he filed a request for a hearing with the trial court. The

trial court failed to rule on this request. In April 2003, appellant filed a second request for a hearing. He followed this request, in May 2003, with a letter to the trial court, stating that he was incarcerated and recounting his attempts to set the case for hearing. On May 30, 2003, without setting the case for hearing, the trial court dismissed appellant's case for want of prosecution.

On June 23, 2003, appellant filed a motion to reinstate his lawsuit and a request for findings of fact and conclusions of law. The appellate record does not contain a ruling from the trial court on appellant's motion.

On August 18, 2003, appellant filed a notice of appeal in this Court and a "Motion and Affidavit in Support of Leave to File Affidavit of Inability to Pay Costs on Appeal" in the trial court. On August 23, 2003, a Harris County attorney filed "District Clerk's Contest of Affidavit of Indigence" in the trial court on behalf of the District Clerk pursuant to rule 20.1 of the Texas Rules of Appellate Procedure. *See* TEX.R.APP. P. 20.1. On September 2, 2003, the trial court held a hearing on the District Clerk's contest to appellant's affidavit of indigency, attended only by counsel for the District Clerk. Appellant did not attend because he was incarcerated. Following the hearing, the trial court, without stating its reasons, signed an order sustaining the District Clerk's contest so that appellant could not receive the appellate record for free. This appeal followed.

### Standard of Review

■■■ An appellant's affidavit of indigence may be contested by the District Clerk, the court reporter, or any interested party. TEX.R.APP. P. 20.1(e). When there is a contest, as there is here, appellant must prove his indigence. *See* TEX. R.APP. P. 20.1(g); *Griffin Indus., Inc. v.*

*Thirteenth Court of Appeals,* 934 S.W.2d 349, 351 (Tex.1996); *Arevalo v. Millan,* 983 S.W.2d 803, 804 (Tex.App.-Houston [1st Dist.] 1998, no pet.). At the trial court level, the test for indigency is whether an appellant shows by a preponderance of the evidence that she would be unable to pay costs, "if she really wanted to and made a good faith effort to do so." *Arevalo,* 983 S.W.2d at 804 (quoting *Allred v. Lowry,* 597 S.W.2d 353, 355 (Tex.1980)). If the trial court sustains the contest, we must determine whether the court abused its discretion. *Cronen v. Smith,* 812 S.W.2d 69, 70 (Tex.App.-Houston [1st Dist.] 1991, orig. proceeding). The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; or the ruling is so arbitrary and unreasonable as to be clearly wrong. *Arevalo,* 983 S.W.2d at 804 (citing *Cronen,* 812 S.W.2d at 71).

### Discussion

#### *Texas Rule of Appellate Procedure 20.1*

Texas Rule of Appellate Procedure 20.1 governs affidavits of indigency. *See* TEX. R.APP. P. 20.1. It allows a party to proceed with an appeal without advance payment of costs if (1) the party files an affidavit of indigency in compliance with the rule; (2) either the claim of indigency is not contested or the contest is not sustained; and (3) the party files a timely notice of appeal. *Id.* 20.1(a). The affidavit must identify the party filing it, state the amount of costs, the party can pay, if any, and contain complete information regarding sources of income and property. *Id.* 20.1(b). The affidavit must specifically state:

(1) the nature and amount of the party's current employment income, govern-

ment-entitlement income, and other income;

(2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship to the party of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

*Id.* 20.1(b)(1)-(11). The party's affidavit of indigency must be filed in the trial court before or with the notice of appeal. *Id.* 20.1(c)(1). If an indigent party is incarcerated at the time of the hearing on the contest to indigency is held, the affidavit must be considered as evidence and is sufficient to meet the indigent party's burden to present evidence without the party's attendance at the hearing. *Id.* 20.1(g).

### Failure to Comply with Statute Governing Indigence

In his second point of error, appellant argues that the trial court abused its discretion in sustaining the District Clerk's contest to his affidavit of indigency. Specifically, appellant contends that the trial court erred by accepting the District Clerk arguments that appellant failed to comply with the procedural requirements of Rule 20.1(c)(1), and thus waived his appeal, and,

similarly, that appellant failed to comply with section 14.004 of the Civil Practice and Remedies Code, as required to proceed as a pauper on appeal.

### Waiver of Affidavit of Indigence

■ In its motion contesting appellant's affidavit of indigency, and at the hearing before the trial court, the District Clerk contended that appellant waived his affidavit of indigency because he did not comply with rule 20.1(c)(1), which requires the affiant to file the affidavit of indigence *with or before* the notice of appeal. *See id.* 20.1(c)(1).

■ Generally, a written notice of appeal must be filed with the trial court to perfect the appeal. *Id.* 25.1(a). However, "[i]f a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice." *Id.*; *Kinnard v. Carnahan,* 25 S.W.3d 266, 268 (Tex.App.-San Antonio 2000, no pet.). Here, appellant filed his "Motion and Affidavit in Support of Leave to File Affidavit of Inability to Pay Costs on Appeal" on August 18, 2003 with the trial court. On the same day, appellant filed his notice of appeal with this Court. We notified the trial court by letter dated August 21, 2003 that appellant had filed an appeal. Because appellant's affidavit was filed in the trial court on the same day he filed his notice of appeal in this Court, appellant did not waive his affidavit of indigency. *See* TEX.R.APP. P. 25.1(a).

### Failure to Comply with Section 14.004 of the Civil Practices and Remedies Code

■ The District Clerk also argued in his contest motion that appellant did not comply with section 14.004(a) of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a) (Vernon

2002). Section 14.004(a) provides that "an inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration" identifying each previous suit he has brought pro se, other than a suit under the Family Code, and describing each such suit. *See id.*

■ Appellant concedes he did not file a separate affidavit with his notice of appeal identifying his previous suits. However, an appellant is not required to comply with section 14.004(a)(1) of the Civil Practice and Remedies Code to appeal the trial court's dismissal of his civil suit. *Donalson v. Barr*, 86 S.W.3d 718, 720 (Tex.App.-Houston [1st Dist.] 2002, no pet.). "The purpose of section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the *trial court* of previous litigation and the outcome" *at the commencement of his suit. Id.* (quoting *Clark v. Estelle Unit*, 23 S.W.3d 420, 422 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) (emphasis in original)). Because the trial court makes an initial determination of frivolousness at the commencement of the suit, it makes little sense to require this information again for the appellate court, which is merely reviewing the trial court's decision in the case. *See id.* Nothing in the rules of appellate procedure requires the information specified in section 14.004(a) as a prerequisite for proceeding without advance payment of appellate costs. *Id.* Accordingly, we conclude that appellant was not required to comply with section 14.004(a)

to appeal the trial court's dismissal of his suit.[1]

We sustain appellant's second point of error.

### Frivolous Appeal

■ In his first point of error, appellant contends that the trial court erred in sustaining the indigency contest because he presents a substantial issue for appeal; as required by section 13.003 of the Civil Practice and Remedies Code for a litigant to obtain a statement of facts and a transcript for appealing a judgment without payment of costs. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 13.003 (Vernon 2002).

Section 13.003 provides:

(a) . . . a court reporter shall provide without cost a statement of facts and a clerk of a court shall prepare a transcript for appealing a judgment from the court only if:

(1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and

(2) the trial judge finds:

(A) *the appeal is not frivolous;* and

(B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

(b) In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review.

*Id.* § 13.003(a)-(b) (emphasis added). Essentially, appellant argues that his appeal

---

1. The Clerk cited to *Bell v. Texas Dep't of Criminal Justice-Institutional*, 962 S.W.2d 156 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) and to *Clark v. Unit*, 23 S.W.3d 420 (Tex.App.-Houston [1st Dist.] 2000, pet. denied)to argue below that the failure to comply with sections 14.003 and 14.004 allows the trial court to assume the present suit is substantially similar to a suit previously filed by

the inmate. Because appellant is seeking post-judgment relief, neither *Bell* nor *Clark* applies here. Unlike both Bell and Clark, who were suing the Texas Department of Criminal Justice in the district court, appellant is only trying to obtain a free record for appeal. *See Clark*, 23 S.W.3d at 421; *Bell*, 962 S.W.2d at 157.

is not frivolous, but that by sustaining the District Clerk's contest to indigence, the trial court impliedly found that it was frivolous.

■■ A proceeding is "frivolous" when it "lacks an arguable basis either in law or in fact." *See Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990). We review the trial court's dismissal of an action as frivolous for an abuse of discretion. *Moreland v. Johnson,* 95 S.W.3d 392, 394 (Tex. App.-Houston [1st Dist.] 2002, no pet.). The trial court abuses its discretion if it acts capriciously, arbitrarily, and without reference to any guiding rules or principles. *Id.*

The District Clerk's motion contesting appellant's indigency contended that the appeal was frivolous, but it did not identify the basis for its contention. Nor did the District Clerk identify any facts or present any evidence to the trial court at the hearing on the contest motion to substantiate his contention that appellant's claim was frivolous. The entire transcript of the hearing, once appellant's absence was established, reads as follows:

### OPENING STATEMENT

THE DISTRICT CLERK: District Clerk in this case contends that the affiant has waived the Affidavit of Indigence. According to Texas Rule of Appellate Procedure 20.1(c)(12), the affiant is required to file the Affidavit of Indigence before or with the Notice of Appeal. In this case only an Affidavit of Indigence was filed, unable to find a Notice of Appeal in the case.

Alternatively, if the Affidavit of Indigence alone is sufficient for a Notice of Appeal, then the affiant has not presented a sufficient or substantial question for appellate review.

THE COURT: Is there anything else for purposes of the record, counsel?

### CLOSING STATEMENT

THE DISTRICT CLERK: For purpose of the record—well, since there's no substantial question for appellate review, District Court Clerk asks that the Court to find that the appeal is frivolous and under the Texas Civil Practices and Remedies Code, Section 13.003, as well as 14, Chapter 14, if this court finds that the appeal is frivolous, the affiant should be required to pay the cost of appeal.

THE COURT: All right. Counsel, I've reviewed the motion and the proposed order, and I will sign the proposed order sustaining the contest.

Since a notice of appeal was filed, the District Court's first argument that appellant violate Rule 20.1(c)(2) was incorrect. Nor is there any argument or evidence in the record to substantiate the District Clerk's conclusory statement that appellant's appeal of the trial court's dismissal of his suit for expunction was frivolous. *See Lynaugh,* 796 S.W.2d at 706.[2]

Pursuant to section 13.003, the trial court must make a finding of whether the appeal is frivolous and whether a statement of facts and the clerk's transcript are required to present appellant's issue on appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(a)-(b) (Vernon 2002). With no evidence or argument on the record, the trial court's implied finding was arbitrary and capricious. *See De La Vega v. Taco Cabana, Inc.,* 974 S.W.2d 152, 154 (Tex.App.-San Antonio 1998, no pet.);

---

**2.** To the extent that the District Clerk contended the affidavit of indigency was frivolous because it did not comply with section 14.004 of the Civil Practice and Remedies Code, his contention is without merit because such compliance is not required for a post-judgment appeal. *See Donalson,* 86 S.W.3d at 720.

*Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 938 (Tex.App.-Austin 1987, no writ) ("If a trial court purports to exercise a discretionary power committed to it by law, when the court lacks a sufficient factual basis upon which to make a rational decision either way, it is said that the court abuses its discretion."). Moreover, appellant's petition for expunction appears to state a colorable claim pursuant to article 55.01 of the Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 55.01 (Vernon Supp.2004–2005).

We sustain appellant's first point of error.

## Conclusion

We reverse the order sustaining the District Clerk's contest to appellant's affidavit of indigency and render judgment that appellant be allowed to proceed with this appeal in forma pauperis. We remand the cause to the trial court with instructions that appellant be provided a free appellate record.

Justice TAFT, concurring.

TIM TAFT, Justice, concurring.

I concur with the majority opinion in all but its implication that rule 20.1(c)(1) of the Texas Rules of Appellate Procedure allows a party to file his affidavit of indigency on the same day as his notice of appeal in order to satisfy the requirement of the rule that the affidavit of indigency be filed "with or before" the notice of appeal. *See* Tex.R.App. P. 20.1(c)(1). Nevertheless, because our records demonstrate that appellant's notice of appeal was filed in this Court at 9:41 a.m. on August 18, 2003 and that appellant's affidavit of indigency was filed in the trial court at 9:42 a.m. on August 18, 2003, I would hold that this was sufficiently close in time to constitute the documents' having been filed "with" one another, even though they were filed in different courts.

Accordingly, I respectfully concur in the majority's opinion.