NO. 07-08-0071-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 17, 2008
_____

KELLY JAMES STINSON,

Appellant

v.

IMOGENE LESLEY, et al.,

Appellees
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 95,881-A; HON. HAL MINER, PRESIDING
_____

***Abatement and Remand***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Kelly James Stinson, an indigent inmate, filed suit against appellees pursuant to Chapter 14 of the Civil Practice and Remedies Code. He has appealed from the dismissal of those claims by the trial court and, in doing so, has requested multiple extensions of time to file his brief because the district clerk has not provided him with a free copy of the clerk's record.

A party who cannot pay the costs in an appellate court may proceed without payment if he files an affidavit of indigence in accordance with the Rules of Appellate Procedure, the affidavit is not contested, and the notice of appeal is timely. TEX. R. APP. P. 20.1(a) & (c) (stating that an appellant must file the affidavit of indigence in the trial court with or before the notice of appeal). Appellant timely filed an affidavit of indigence and his notice of appeal; furthermore, no one contested the affidavit. However, before the trial court clerk may be compelled to provide appellant with a free clerk's record, the trial court must hold that the appeal is not frivolous and that the clerk's record is needed to decide the issues to be presented on appeal. TEX. CIV. PRAC. & REM. CODE ANN. §13.003(a)(2) (Vernon 2002); *Kennedy v. Kennedy*, 222 S.W.3d 97, 98 (Tex. App.–Austin 2006, no pet.); *Jackson v. Texas Bd. of Pardons & Paroles*, 178 S.W.3d 272, 278-79 (Tex. App.–Houston [1st Dist.] 2005, no pet.).

Accordingly, we now order that the appeal be abated and the cause remanded to the trial court. The trial court is ordered to schedule, notify the parties of and convene a hearing and determine, in accordance with §13.003(a)(2) of the Civil Practice and Remedies Code, *Kennedy*, and *Jackson,* whether appellant desires to prosecute his appeal, whether the issues he intends to assert are frivolous, and whether the clerk's record is needed to decide the issues appellant intends to assert on appeal.[1] The trial court need not require the parties or attorneys to physically appear at the hearing but may conduct same via means that afford appellant reasonable access to the court and

---

[1]We realize that the trial court has already determined appellant's claims to be frivolous with respect to defendant Herbert D. Everitt based on the trial court's order of dismissal but that determination has not been specifically made with respect to the other defendants.

opportunity to discuss the issues he intends to assert on appeal, explain why they are not frivolous, and disclose why the clerk's record is needed.

The trial court is further ordered to cause the hearing to be transcribed and execute findings of fact and conclusions of law addressing the foregoing issues within thirty days of this order. Should the trial court determine that appellant desires to appeal, his appeal is not frivolous, and the clerk's record is needed to decide the issues, then it shall order the district clerk of Potter County, Texas, to immediately prepare and deliver a copy of the clerk's record to appellant at his last known address and free of charge.[2] *See* TEX. GOV'T CODE ANN. §22.221(a) (Vernon 2004); *In re Washington,* 7 S.W.3d 181, 182 (Tex. App.– Houston [1st Dist.] 1999, orig. proceeding) (stating that a district clerk may be ordered to perform a ministerial duty when it is necessary to enforce an appellate court's jurisdiction). It is finally ordered that the trial court cause to be filed with the clerk of this court a transcription of the hearing held and its findings of fact and conclusions of law executed pursuant to this order within thirty days of the date of this order. If additional time is needed to perform the directed tasks, the trial court shall request it within thirty days of this order.

It is so ordered.

Per Curiam

---

[2]Because no one contested appellant's affidavit of indigence, the issue of whether appellant is indigent cannot be addressed at the hearing. It is presumed, as a matter of law, that he is indigent. *Higgins v. Randall County Sheriff's Office,* No. 06-0917, 2008 Tex. LEXIS 455 at *9 (Tex. May 16, 2008) (holding that it is presumed the appellant is indigent when no one contests his affidavit of indigence).