**Order AFFIRMED and Opinion Filed September 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01024-CV

**MIKELL KELLY, Appellant**
**V.**
**JPMORGAN CHASE BANK, N.A., Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-03540-B**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Stoddart
Opinion by Justice Brown

Before the Court is appellant's "Motion to Dismiss Payment of Court Fee Objection Texas Rules of Evidence Rule 103" which we construe as a request to review the trial court's order sustaining the contest to his affidavit of indigence. The trial court held a hearing on the contest and signed an order sustaining the contest on September 2, 2015.

In reviewing a trial court's order sustaining a contest to an affidavit of indigence, our task is to determine whether the court abused its discretion. *See Jackson v. Tex. Bd. of Pardons & Paroles,* 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; and the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong. *See Arevalo v. Millan,* 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (en banc).

Unless incarcerated or presumed indigent in accordance with Texas Rule of Appellate Procedure 20.1(a)(3), the party who filed the affidavit of indigence must prove the affidavit's allegations. *See* TEX. R. APP. P. 20.1(g)(1), (2). The reporter's record shows that appellant failed to appear at the hearing or otherwise prove the affidavit's allegations, and nothing before us suggests appellant was incarcerated at the time or presumed indigent under rule 20.1(a)(3).

Because appellant failed to appear at the hearing, he did not sustain his burden of proving the allegations in his affidavit. For this reason, we conclude the trial court did not abuse its discretion in sustaining the contest. *See* TEX. R. APP. P. 20.1(g)(1). We affirm the trial court's order.

/Ada Brown/
ADA BROWN
JUSTICE

151024F.P05