**Motion Granted in Part and Denied in Part; Order filed August 27, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00447-CV
_____

## MARCUS A. TOWNLEY AND ERIN M. MCCAIN, Appellants

## V.

## LINDA A. LANIER, Appellee

---

**On Appeal from the Co. Civil Ct. at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1077886**

---

## ORDER

Appellants filed a second "motion for review of trial court order" pursuant to Rule 145(g) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 145(g). Appellants contend the trial court erred in denying their requests to proceed as indigents in this appeal. Appellant Townley and appellant McCain each individually filed an affidavit of indigency pursuant to Rule 145(a). *See* Tex. R. Civ. P. 145(a). The court reporter filed a document entitled "contest of affidavit of inability to pay costs," which challenges McCain's affidavit. We construe the

document as a motion by the court reporter to require declarant McCain to prove the inability to afford costs. *See* Tex. R. Civ. P. 145(f)(3). The record does not show that the court reporter or anyone else filed a similar motion requesting the court to require declarant Townley to prove the inability to afford costs. Following an evidentiary hearing at which neither Townley nor McCain appeared, the trial court granted the court reporter's challenge as to both Townley and McCain.

Appellants contend the trial court's order was in error because they were not provided sufficient notice of the hearing and because the court reporter filed a contest only as to McCain's affidavit. After reviewing the record, we affirm the trial court's order as to McCain, but reverse the order as to Townley. Because Townley filed a statement of inability to pay costs in the trial court, he cannot be required to pay costs in the appellate court except by order of the trial court as provided by rule 145. Tex. R. App. P. 20.1(b)(1); Tex. R. Civ. P. 145(a). The trial court may order the declarant to pay costs only as provided in rule 145(f), which requires a motion by (1) the clerk or a party, (2) an attorney ad litem for a parent in certain cases, (3) the court reporter, or (4) the court. None of the persons contemplated by rule 145(f) filed a motion as to Townley's statement. Therefore, the trial court abused its discretion in denying Townley's request to proceed as an indigent. *See Jackson v. Tex. Bd. Of Pardons and Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (abuse of discretion standard applied in reviewing a 145(f) contest).

Appellant McCain is ordered to pay all her costs in this appeal. Appellant Townley may proceed as an indigent.


PER CURIAM

Panel Consists of Justices Jewell, Bourliot, and Zimmerer.