**Order issued October 29, 2019**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-19-00287-CV

―――――――――――――

## XOCHYTL DIANE GREER, Appellant

## V.

## WESLEY MICHAEL MELCHER, Appellee

On Appeal from the 245th District Court
Harris County, Texas
Trial Court Case No. 2017-41808

## MEMORANDUM ORDER

Appellant, Xochytl Diane Greer, has filed a motion to review the trial court's order sustaining the court reporter's contest to Greer's sworn statement of inability to afford payment of court costs.[1]

―――――――――――――

[1]     *See* TEX. R. CIV. P. 145 ("Payment of Costs Not Required").

We grant Greer's motion to review and affirm the trial court's order.

## Background

Greer has filed a notice of appeal of the trial court's order, adjudicating parentage, establishing conservatorship and visitation, and requiring payment of child support, in a suit affecting the parent-child relationship. After filing her notice of appeal, Greer filed in the trial court a sworn statement of inability to afford payment of court costs.[2]

In her statement, Greer stated that she was not represented by legal aid, did not apply for such representation, and she did not receive needs-based public benefits, but she received monthly net income as an attorney at a law firm of $4,408. Greer listed an additional source of monthly income of $3,850 in child support. Greer listed her assets including a home that she valued at $2,000,[3] a Nissan Armada sport utility vehicle that she valued at negative $5,000,[4] and a bank account with zero funds. And Greer listed monthly expenses, including a house payment of $1,806, a car payment of $912, a credit card payment of $1,224, and a student loan payment

---

[2] *See id.*

[3] During a hearing on the court reporter's contest to Greer's statement, Greer agreed that the Harris County Appraisal District records show that her home has a value of $200,000, but she stated that she listed its value at $2,000 because that is the value of the property less the amount she still owes on it.

[4] Greer did not provide the actual value of the Nissan Armada, but listed a negative amount representing the value of the car less the amount that she owes on it.

of $701, for total expenses exceeding her monthly income. Based on these expenses, Greer claimed that she could not afford to pay court costs.

A court reporter, Barbara K. Nagji, filed a contest to Greer's statement, and the trial court held a hearing at which Greer testified. During the hearing, Greer admitted that she left out assets and other sources of funds in her statement, though she claimed that the statement was accurate when it was made. For instance, Greer testified that she left out a second vehicle, a Chevrolet truck, the value of which she claimed to be $15,000. However, Greer also stated that she owed more on the truck than it was worth. Greer also admitted that she had failed to include in her statement a tax refund, which in previous years had been in excess of $6,000, and any value related to her 401(k) account. Greer admitted that she made a monthly, voluntary contribution of 3% of her gross salary[5] to a 401(k) account. Greer further testified that she had received a performance bonus of more than $3,000, but claimed that she did not include it in her statement because it was not guaranteed.

Greer also stated that she was voluntarily supporting a nephew, for whom she had previously received child support payments from the nephew's father, but the child support payments had stopped when the nephew turned eighteen years old. Greer also admitted that she had received plastic surgery valued at $25,000–$35,000, but she claimed that she did not pay for her surgery because the surgeon accepted

---

[5]    Greer estimated her gross monthly salary to be approximately $7,000.

her agreement to provide publicity in lieu of payment. Although various media sources stated that Greer only received her plastic surgery at a discounted rate and not for free, Greer insisted that those accounts were inaccurate. Finally, Greer admitted to having made material misrepresentations of fact to the Office of the Attorney General that were later incorporated into an order.

On May 3, 2019, the trial court signed an order sustaining the court reporter's contest, making numerous findings of fact, and ordering Greer to pay court costs. Ultimately, the court concluded that Greer did not lack funds to pay for court costs based on the following: (1) the receipt of a tax refund, (2) an additional vehicle that could be sold, (3) an ability to increase her income by ceasing her voluntary 401(k) contribution, and (4) an ability to increase her income by ceasing voluntary support of her nephew. The trial court further concluded that Greer's representations regarding her financial condition were not credible given the following: (1) her claimed lack of knowledge about certain facts, (2) her admission that her statement was inaccurate and omitted information, and (3) her admission that she had made material misrepresentations to the Office of the Attorney General that was subsequently incorporated into an order.

Thereafter, Greer filed a motion in this Court requesting that we review the trial court's order. In her motion, she raises four grounds for reversing the trial court's order: (1) the court reporter's contest to her statement was defective, (2) the

court reporter's contest was premature as Greer had not requested the reporter's record, (3) the trial court erred in excluding evidence, and (4) the trial court erred in concluding that she had not established her inability to afford payment of court costs.

**Inability to Afford Payment of Court Costs**

Texas Civil Rule of Procedure 145 requires a party claiming an inability to afford payment of court costs to file a statement of inability. *See* TEX. R. CIV. P. 145 ("Payment of Costs Not Required"). The party must provide evidence in the statement, or in the attachments to it, that she does not have the funds to afford payment of court costs. TEX. R. CIV. P. 145(a), (e). In deciding whether a party is indigent or unable to afford payment of court costs, the trial court determines whether the preponderance of the evidence shows that she is unable, despite a good faith effort, to pay all or part of the costs. *See Moreno v. Perez*, 363 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Higgins v. Randall Cnty. Sheriff's Off.*, 257 S.W.3d 684, 686–87 (Tex. 2008)). However, if a party has assets from which she could secure funds to pay court costs without depriving her family of the necessities of life, she should be required to dispose of those assets, or mortgage them to pay court costs or give security for costs. *See White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied) (failure to use assets to provide funds to pay for court costs was "opposite of a good-faith effort"); *see also Balistreri-Amrhein v. AHI*, Nos. 05-09-01377-CV & 05-10-01347-CV, 2011

5

WL 2624146, at *3 (Tex. App.—Dallas July 6, 2011, no pet.) (mem. op.) (house and car were assets from which party could secure necessary funds for costs of appeal).

We review a trial court's order under Rule 145 for an abuse of discretion. *Moreno*, 363 S.W.3d at 735. The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; or the ruling is so arbitrary and unreasonable as to be clearly wrong. *See id.*; *Jackson v. Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

## Court Reporter's Contest Sufficient

Greer first argues that the contest to her statement filed by the court reporter was inadequate and improper because she cited to the wrong rule. The court reporter, in her contest, cited to Texas Rule of Appellate Procedure 20.1, which was the applicable rule concerning a party's indigence before certain rule changes in 2016. *See* TEX. R. APP. P. 20.1 cmt (Texas Rule of Appellate Procedure 20.1 "has been rewritten so that it only governs filing fees and any other fee charged by the appellate court"; Texas Rule of Civil Procedure 145 "governs a party's claim that the party is unable to afford costs for preparation of the appellate record"); *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (decided before rules were amended in 2016 and indicates affidavit of indigence and contest were filed

pursuant to Texas Rule of Appellate Procedure 20.1). Texas Rule of Civil Procedure 145 now governs when a party claims an inability to afford the payment of costs of a record on appeal. *See* TEX. R. CIV. P. 145(a), (c); *see also* TEX. R. APP. P. 20.1 cmt. In any event, the court reporter's citation to Rule 20.1 in her contest does not prevent the trial court from addressing the contest because the burden of showing an inability to afford payment of court costs is on Greer, as she was the party who filed a statement. *See In re Sosa*, 980 S.W.2d 814, 815 (Tex. App.—San Antonio 1998, orig. proceeding); *see also* TEX. R. CIV. P. 145(f)(5).

### Contest May Be Filed Even if Record Not Yet Requested

Greer next argues that the trial court erred in sustaining the court reporter's contest to her statement because Greer had not yet requested the reporter's record. Greer admits that she inquired about the cost of the record but asserts that she had not yet requested it and "does not need th[e] record for appeal." This argument has no merit.

Greer filed a statement of inability on April 18, 2019, and the court reporter filed her contest soon thereafter. Once a statement is filed, Rule 145 permits a court reporter to contest it. *See* TEX. R. CIV. P. 145(f)(3). Rven if Greer had not yet requested a reporter's record, the filing of her statement indicated that she was invoking Rule 145; and thus, the court reporter's filing of a contest in response to Greer's statement was appropriate. *See id.*

7

**No Error in Excluding of Evidence**

Greer next argues that the trial court erred in refusing to permit her to introduce evidence at the hearing. Greer attaches to her motion the evidence that she wanted to introduce at the hearing, which includes spreadsheets that she had created, showing monthly expenses, and two recent bank statements showing withdrawals greater than her monthly income and reflecting the extent of her credit card and student loan debt.

Exclusion of evidence is reviewed under an abuse-of-discretion standard. *See Caffe Ribs, Inc. v. State*, 487 S.W.3d 137, 142 (Tex. 2016). To show a trial court abused its discretion in excluding evidence, the party must preserve error by offering the evidence and obtaining an adverse ruling. *See* TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.2; *In re Marriage of Harrison*, 557 S.W.3d 99, 121 (Tex. App.—Houston [14th Dist.] 2018, pet denied). We must uphold the trial court's ruling excluding this evidence if there is any legitimate basis for the ruling. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). If the trial court excludes evidence, the party must make an offer of proof, unless the substance of the evidence is apparent from the context. TEX. R. EVID. 103(a)(2). The primary purpose of the offer of proof is to enable the reviewing court to determine whether the exclusion of evidence was erroneous and, if so, whether it was harmful. *Lone Starr*

*Multi-Theatres, Ltd. v. Max Interests, Ltd.*, 365 S.W.3d 688, 703 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Greer, who was representing herself at the hearing on the court reporter's contest, stated on the record that she had brought with her "a shorthand rendition" which she had marked as an exhibit. She did not explain what the "shorthand rendition" contained. Greer stated that she was also offering into evidence bank statements and proof of an attempt to take out a loan.

Although Greer made no formal offer of proof in the trial court, she described the evidence as proof that her expenses exceeded her income. The trial court sustained the objections to Greer's offer of documentary evidence and to her attempt to read some of the unadmitted evidence into the record. Without an offer of proof, we cannot determine what information the "shorthand rendition" included. Although Greer described the evidence she intended to offer as further proof that her expenses exceeded her income, the trial court sustained the objections to Greer's evidence on the grounds that it was not attached to her statement, it violated the best evidence rule, and it was cumulative.

Greer has not established that the trial court abused its discretion in excluding her evidence. She has not shown that the evidence she sought to introduce differed from that contained in her statement. The Texas Rules of Evidence permit exclusion of the "needless presentation of cumulative evidence." TEX. R. EVID. 403. The

9

inclusion of the modifier "needless" necessarily means that the mere fact that the evidence is cumulative is not decisive. *See In re N.R.C.*, 94 S.W.3d 799, 807 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Instead, the trial court must determine whether the excluded evidence would have added "substantial weight to the complainant's case." *Id.* Because the purported "proof that her expenses exceeded her income" that Greer attempted to offer into evidence was, based on Greer's own admission, already included in her statement, the evidence would not have added substantial weight to her case; and, thus, the trial court did not err in excluding Greer's evidence on the ground that it was cumulative. *See JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 840 (Tex. 2018) (exclusion of evidence is likely harmless if evidence was cumulative).

Under the "best evidence" rule, an original writing is "required to prove its content" unless the rules permit otherwise. TEX. R. EVID. 1002. This rule applies only if a party is seeking to prove the contents of a document. *See White v. Bath*, 825 S.W.2d 227, 231 (Tex. App.—Houston [14th Dist.] 1992, writ denied). But even if the best evidence rule cannot be used to exclude evidence related to a statement of inability to afford payment of court costs, Greer has not shown that any error in excluding her evidence was harmful. *See Gunn v. McCoy*, 554 S.W.3d 645, 668 (Tex. 2018) (holding excluded evidence likely harmless if cumulative or, if after reviewing entire record, it did not likely cause rendition of improper judgment);

*LBSP, Inc. v. Forest Dale, Inc.*, No. 05-14-01295-CV, 2016 WL 3165621, at *5 (Tex. App.—Dallas June 7, 2016, no pet.) (mem. op.) (holding no harm shown in exclusion of evidence summarizing original contract based on best evidence rule because original contract was in evidence).

### No Error in Trial Court's Conclusion Greer Failed to Establish Inability to Afford Payment of Court Costs

Finally, Greer argues that the trial court erred in concluding that she had not established her inability to afford payment of court costs because the court failed to "look at [her] expenses and debts and only made speculative [and inaccurate] findings." In doing so, Greer challenges all but one of the specific fact findings on which the trial court expressly based its conclusion.

The trial court concluded that Greer had not established her inability to afford payment of court costs based on five grounds: (1) Greer had available funds from receipt of a tax refund, (2) Greer had an ability to obtain funds by selling a vehicle, (3) Greer had an ability to increase her income by ceasing her voluntary 401(k) contribution, (4) Greer had an ability to increase her income by ceasing voluntary support of her nephew, and (5) Greer lacked credibility. In holding that Greer's representations regarding her financial condition were not credible, the trial court emphasized: (1) Greer's claimed lack of knowledge about certain facts, (2) her admission that her statement was inaccurate and omitted information, and (3) her

11

admission that she had made material misrepresentations to the Office of the Attorney General that were subsequently incorporated into an order.

Significantly, to establish that the trial court abused its discretion and thus erred in concluding that Greer had not established her inability to afford payment of court costs, Greer has to show in her motion that the five grounds relied on by the trial court did not support its ultimate conclusion. *See Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 680–81 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment; if appellant does not do so, we must affirm trial court's ruling because no abuse of discretion). However, a review of Greer's motion shows that she did not challenge all of the trial court's grounds for concluding that she had not shown an inability to afford payment of court costs. Specifically, Greer does not challenge the trial court's finding about her voluntary 401(k) contribution. Absent a challenge to this basis, we cannot conclude that the trial court abused its discretion. *See id.*

Moreover, we note that Greer has not challenged the trial court's conclusion that she lacked credibility. Greer argued, in evaluating credibility, that the trial court could not ignore evidence establishing her inability to afford payment of court costs, particularly when that evidence was not rebutted, citing *Koehne v. Koehne*, No. 01-17-00016-CV, 2017 WL 2375789 (Tex. App.—Houston [1st Dist.] June 1,

2017, order). In *Koehne*, the trial court ignored evidence that the party was unemployed, had no assets, and was unable to obtain loans, and thus, this Court held that the trial court's conclusion that the party was not indigent could not be supported on unsubstantiated concerns that he lacked credibility. *Koehne*, 2017 WL 2375789, at *3–4.

But here, the trial court included specific reasons for concluding that Greer lacked credibility and Greer has not challenged those reasons. Further, the evidence in the record shows that Greer had filed an inaccurate and incomplete statement, yet Greer, in her testimony, stated that her statement was accurate. Greer also admitted that she had not included other income and assets, such as a bonus, a tax refund (which had been substantial in past years), and a second vehicle. Moreover, Greer admitted that she had made a misrepresentation to the Office of the Attorney General that was incorporated into an order.

We must defer to the fact-finder's determination concerning credibility if it is reasonable. *See id.* at *2. Inconsistent statements and admitted inaccuracies in a statement of inability to afford payment of court costs support a trial court's credibility concerns. *See In re A.L.S.*, No. 05-14-01104-CV, 2014 WL 4674277, at *2 (Tex. App.—Dallas Sept. 22, 2014, no pet.) (mem. op.). Here, the trial court based its credibility determination on facts in the record, i.e., Greer's admitted misrepresentations to the Office of the Attorney General, Greer's filing of an

admittedly inaccurate statement, and Greer's inability to recall her most recent bonus or tax refund. These inaccuracies, admitted misrepresentation, and selective recollections support the reasonableness of the trial court's credibility determination and no error is shown.

## Conclusion

We affirm the trial court's order.

## PER CURIAM

Panel consists of Justices Kelly, Hightower, and Countiss.