**Order issued January 28, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00704-CV

———————————

## IN THE INTEREST OF C.A.J., A CHILD

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-00169J**

---

## MEMORANDUM ORDER

Appellant, mother, has filed a motion to review the trial court's order sustaining the purported contest to her sworn statement of inability to afford payment of court costs.[1]

We grant mother's motion to review and reverse the trial court's order.

---

[1]    *See* TEX. R. CIV. P. 145 ("Payment of Costs Not Required").

## Background

Mother filed a notice of appeal challenging the trial court's order, entered after a jury trial, terminating her parental rights to her minor child. After filing her notice of appeal, mother's previously retained counsel filed a motion to withdraw, stating that mother was indigent, she could no longer afford to pay for retained counsel, and she requested that the trial court appoint counsel to represent her on appeal.[2] Mother then filed in the trial court a sworn statement of inability to afford payment of court costs.[3] Mother asserted that she could not afford to pay court costs and could not afford to retain counsel.[4]

The record does not contain a contest to mother's statement.[5] Yet, the trial court held a hearing on mother's previously retained counsel's motion to withdraw

---

[2] *See* TEX. FAM. CODE ANN. § 107.013(a)(1) ("Mandatory Appointment of Attorney ad Litem for Parent"); *In re C.D.S.*, 172 S.W.3d 179, 184–85 (Tex. App.—Fort Worth 2005, no pet.) (under Texas Family Code section 107.013, "a person who does not have the resources, nor is able to obtain the resources, to hire and retain an attorney for representation in [a] termination case," is "indigent" (internal quotations omitted)).

[3] *See* TEX. FAM. CODE ANN. § 107.013(d) ("The court shall require a parent who claims indigence . . . to file an affidavit of indigence in accordance with Rule 145(b) of the Texas Rules of Civil Procedure before the court may conduct a hearing to determine the parent's indigence."); TEX. R. CIV. P. 145(a), (b), (e).

[4] *See* TEX. R. CIV. P. 145(c) ("'Costs' mean any fee charged by the court or an officer of the court . . . including, but not limited to, filing fees, fees for issuance and service of process, *fees for a court-appointed professional*, and *fees charged by the clerk or court reporter for preparation of the appellate record*." (emphasis added)).

[5] *See id.* 145(f) (court may order declarant filing statement of inability to afford payment of court costs *to pay* costs based on motion filed by trial court clerk, party, attorney ad litem for parent, or court reporter or on court's own motion).

at which mother testified regarding her indigency. At the conclusion of the hearing, counsel for the Department of Family and Protective Services ("DFPS") argued: "[W]e think the evidence that [mother] has presented does not overcome . . . does not meet the standard[] for inability to pay . . . for an attorney. She is not indigent."

On December 3, 2019, the trial court signed an order sustaining the purported contest of DFPS, making numerous findings of fact, and ordering mother to pay all costs on appeal. The trial court also granted mother's previously retained counsel's motion to withdraw.

Mother then filed a motion in this Court requesting that we review the trial court's order.[6] In her motion, mother argues that the trial court's order sustaining the purported contest to her statement of inability to afford payment of court costs should be reversed because it was "not based upon a proper motion" by DFPS as required by Texas Rule of Civil Procedure 145, and the trial court erred in concluding that mother did not "lack funds to pay for costs." (Internal quotations omitted.)

### Standard of Review

We review a trial court's order under Texas Rule of Civil Procedure 145 for an abuse of discretion. *See Koehne v. Koehne*, No. 01-17-00016-CV, 2017 WL 2375789, at \*2 (Tex. App.—Houston [1st Dist.] June 1, 2017, order); *Jackson v.*

---

[6]     *See id.* 145(g).

*Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also In re C.D.S.*, 172 S.W.3d 179, 184 (Tex. App.—Fort Worth 2005, no pet.) (appellate court reviews trial court's determination of indigency in suit involving termination of parental rights under abuse-of-discretion standard). The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; or the ruling is so arbitrary and unreasonable as to be clearly wrong. *See Koehne*, 2017 WL 2375789, at *2; *Jackson*, 178 S.W.3d at 275. Merely because a trial court decides a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *In re C.D.S.*, 172 S.W.3d at 184.

**Motion by Party**

Mother first argues that the trial court's order sustaining the purported contest to her statement of inability to afford payment of court costs should be reversed because it was "not based upon a proper motion" by DFPS.

The Texas Family Code mandates that in a suit filed by a governmental entity in which termination of the parent-child relationship is requested, the court shall appoint an attorney ad litem to represent "an indigent parent . . . who responds in

opposition to the termination" of her parental rights.[7]  *See* TEX. FAM. CODE ANN. § 107.013(a)(1), (d); *In re B.C.*, No. 19-0306, --- S.W.3d ---, 2019 WL 6972235, at *1–4 (Tex. Dec. 20, 2019) ("Parents face a complex and nuanced family-law system that is challenging to navigate without the guidance of counsel.  Considering the importance of the fundamental rights at issue, the Legislature has adopted important safeguards in section[] 107.013 . . . to help ensure parents will not be deprived of their parental rights without due process of law."); *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016); *In re J.F.*, No. 07-19-00174-CV, --- S.W.3d ---, 2019 WL 5799987, at *5, *8 (Tex. App.—Amarillo Nov. 6, 2019, no pet.) ("The heightened standard of review that applies to termination proceedings is rendered meaningless when a parent is left without legal representation . . . .").  To trigger the process of mandatory appointment of counsel in a termination proceeding, a parent who claims indigence must file a statement of inability to afford payment of court costs in accordance with Texas Civil Rule of Procedure 145.  *See* TEX. FAM. CODE ANN. § 107.013(d); TEX. R. CIV. P. 145(a), (b), (e); *In re B.C.*, 2019 WL 6972235, at *1–3; *In re J.F.*, 2019 WL 5799987, at *5; *In re V.L.B.*, 445 S.W.3d 802, 805–06 (Tex. App.—Houston [1st Dist.] 2014, no pet.).  In deciding whether a parent is indigent

---

[7]  *In re C.D.S.*, 172 S.W.3d at 184–85 (under Texas Family Code section 107.013, "a person who does not have the resources, nor is able to obtain the resources, to hire and retain an attorney for representation in [a] termination case," is "indigent" (internal quotations omitted)); *see also* TEX. FAM. CODE ANN. § 107.013(d) (listing evidence trial court can consider in determining indigency).

or unable to afford payment of court costs, the trial court determines whether the preponderance of the evidence shows that she is unable, despite a good faith effort, to pay all or part of the costs. *See Jackson*, 178 S.W.3d at 275; *see also In re G.S.*, No. 14-14-00477-CV, 2014 WL 4699480, at *20 (Tex. App.—Houston [14th Dist.] Sept. 23, 2014, no pet.).

Notably, even if a parent files her statement of inability to afford payment of court costs, the trial court may nonetheless require the parent to pay costs upon the motion of the trial court clerk, a party, the parent's attorney ad litem, or the court reporter or on the trial court's own motion. TEX. R. APP. P. 145(f). The procedures and requirements for contesting a statement of inability to afford payment of court costs vary depending on who files the motion contesting the statement. *See id.* Here, we are only concerned with the procedures required for a party to contest a parent's statement as the trial court's order specifically states that it sustained the contest of DFPS—the party who filed the petition seeking termination of mother's parental rights to her minor child. *See id.* 145(f)(1).

Texas Rule of Civil Procedure 145(f)(1) provides:

The court may order the [parent] to pay costs only as follows:

(1)    *On Motion by . . . a Party.*  . . . [A]ny party may move to require the [parent] to pay costs only if [its] motion contains sworn evidence, not merely on information or belief:

    (A)    that the [s]tatement was materially false when it was made; or

> (B) that because of changed circumstances, the [s]tatement is no longer true in material respects.

*Id.*

As previously noted, the record does not contain any contest to mother's statement of inability to afford payment of court costs; and it certainly does not include a motion filed by DFPS "contain[ing] sworn evidence" that mother's "[s]tatement was materially false when it was made" or that "because of changed circumstances, [mother's] [s]tatement is no longer true in material respects."[8] *See id.*; *Monroy v. Estrada*, 149 S.W.3d 847, 850–53 (Tex. App.—El Paso 2004, no pet.) (before contest is actually filed, trial court lacks authority to conduct indigency hearing and declarant has no duty to prove assertions in statement of inability to afford payment of court costs); *In re J.N.F.*, 116 S.W.3d 426, 431–32 & n.4 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (filing of objection to statement gives declarant notice of contest to her statement). Thus, we conclude that the trial court

---

[8] Further, the record does not show that mother received adequate notice that the hearing held by the trial court on mother's previously retained counsel's motion to withdraw would also address the purported contest filed by DFPS. *See* TEX. R. CIV. P. 145(f)(5) (notice requirement); *Townley v. Lanier*, No. 14-19-00447-CV, 2019 WL 2938897, at *1–2 (Tex. App.—Houston [14th Dist.] July 9, 2019, no pet.) (trial court errs in granting motion contesting statement of inability to afford payment of court costs where declarant does not receive adequate notice under Texas Rule of Civil Procedure 145(f)(5)); *In re B.T.G.*, No. 05-17-00521-CV, 2017 WL 2334243, at *1–2 (Tex. App.—Dallas May 30, 2017, no pet.) (mem. op.) (party may challenge statement of inability to afford payment of court costs by motion, but parent *must* receive ten-days' notice of hearing on party's motion).

erred in sustaining the purported contest of DFPS and ordering mother to pay all costs on appeal. *See Pierce v. Blalack*, No. 06-17-00027-CV, 2017 WL 1018608, at *2, *4 (Tex. App.—Texarkana Mar. 16, 2017, no pet.) (mem. op.) (holding trial court erred in denying declarant's claim of inability to afford payment of court costs where nothing in record indicated that party's contest complied with requirements of Texas Rule of Civil Procedure 145); *In re N.V.R.*, No. 06-17-00022-CV, 2017 WL 727261, at *2–3 (Tex. App.—Texarkana Feb. 24, 2017, no pet.) (mem. op.) (same); *In re A.M.*, 557 S.W.3d 607, 608–09 (Tex. App.—El Paso 2016, no pet.) (declarant who filed statement of inability to afford payment of court costs entitled to proceed without payment of court costs unless clerk, party, attorney ad litem, or court reporter's motion complied with requirements of Texas Rule of Appellate Procedure 145(f)); *In re J.N.F.*, 116 S.W.3d at 431–32 & n.4 (considering declarant's statement of inability to afford payment of court costs to be "uncontested," where party did not file contest that complied with Texas Rule of Civil Procedure 145); *see also Jones v. Stayman*, 747 S.W.2d 369, 370 (Tex. 1987) ("Indigency provisions . . . have long been liberally construed in favor of a right to appeal."); *In re C.D.S.*, 172 S.W.3d at 186 (failure to timely appoint counsel for parent that has requested attorney and filed unchallenged statement of inability to afford payment of court costs constitutes reversible error).

**Conclusion**

We reverse the trial court's order and order that mother may proceed with this appeal without payment of court costs. *See* TEX. R. CIV. P. 145(c). We direct the court reporter to file a reporter's record **no later than 10 days from the date of this order**.[9] *See* TEX. R. APP. P. 28.4, 35.1(b).

We further abate this appeal and remand the case to the trial court with instructions to appoint counsel to represent mother on appeal[10] and to have a supplemental clerk's record containing that appointment filed in this appeal with the Clerk of this Court **no later than 10 days from the date of this order**. *See* TEX. FAM. CODE ANN. § 107.013(a)(1), (d) (requiring court to appoint attorney ad litem to represent "indigent parent of the child who responds in opposition to the termination" of her parental rights); *In re B.C.*, 2019 WL 6972235, at *1–4; *In re P.M.*, 520 S.W.3d at 27–28 (in order abating appeal for appointment of counsel,

---

[9] The trial court clerk has filed the clerk's record in this appeal.

[10] In mother's motion to review the trial court's order, attorney Karlene Poll stated that she had agreed to file a notice of appearance in the trial court for the sole purpose of accessing the record and filing a motion to review on mother's behalf. *See* TEX. R. CIV. P. 145(g) ("Review of Trial Court Order"). The record does not indicate that the trial court ever appointed attorney Karlene Poll to represent mother on appeal due to mother's indigence. *See* TEX. FAM. CODE ANN. § 107.013(a)(1), (d) (requiring court to appoint attorney ad litem to represent "indigent parent of the child who responds in opposition to the termination" of her parental rights); *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016). On remand, the trial court may appoint either attorney Karlene Poll or other counsel to represent mother on appeal. Any counsel who agrees to handle the appeal should do so only if he or she can pursue the appeal without further delay.

holding Texas Family Code section 107.013 requires appointed counsel to represent client through all proceedings through exhaustion of appeals unless good cause other than the existence of a frivolous appeal is shown).

Because this appeal involves the termination of the parent-child relationship, the Court is required to bring mother's appeal to final disposition within 180 days of September 18, 2019, the date the notice of appeal was filed in this proceeding, so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. Thus, we request that the aforementioned matters be expedited at all levels. Appointed counsel should be prepared to pursue this appeal without further delay. *See In re H.A.C.*, No. 06-16-00063-CV, 2016 WL 5956068, at \*1–2 (Tex. App.—Texarkana Oct. 13, 2016, order) (after parent filed statement of inability to afford payment of court costs, abating appeal and remanding to trial court to appoint counsel without delay and instructing appointed counsel to pursue appeal in expedited manner). Counsel's brief will be **due 20 days from the date that counsel is appointed or the date that the reporter's record is filed, whichever is later.** *See* TEX. R. APP. P. 28.4, 38.6(a).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

**PER CURIAM**

Panel consists of Justices Keyes, Goodman, and Countiss.